**In re Charles Mack PERKINS, Debtor.**

**Carol G. PERKINS, Plaintiff,**

**v.**

**Charles Mack PERKINS and Richard Cummings, Trustee, Defendant.**

**Bankruptcy No. 382–03054.**
**Adv. No. 382–0638.**

United States Bankruptcy Court,
M.D. Tennessee.

Dec. 30, 1983.

Robert E. Lee, Lebanon, Tenn., for Ms. Carol G. Perkins.

Steven L. Lefkovitz, Nashville, Tenn., for debtor.

Richard Cummings, Nashville, Tenn., trustee.

MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the plaintiff Carol G. Perkins' complaint requesting this court to declare a judgment awarded by the Chancery Court of Wilson County, Tennessee, nondischargeable as alimony and support pursuant to 11 U.S.C. § 523(a)(5).[1] The Chapter 7 trustee Richard Cummings subsequently filed a counterclaim to the plaintiff's complaint seeking to avoid the Wilson County court's transfer of property of the estate to the plaintiff pursuant to 11 U.S.C. § 549[2] and requesting the court to enter an order allowing the trustee to sell this property free and clear of all liens. Upon consideration of the evidence presented at the hearing, briefs of the parties, stipulations, exhibits and the entire record, this court concludes that the divorce decree entered by the Wilson County Chancery Court is void to the extent that it transfers any property of the estate to the plaintiff Carol Perkins.

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.[3]

The debtor Charles Mack Perkins filed a Chapter 13 wage earner petition in this court on September 22, 1982. On September 28, 1982, the debtor's wife Carol G. Perkins initiated an adversary proceeding for relief from the automatic stay to allow the Wilson County Chancery Court to proceed with her petition for divorce filed on April 13, 1982, and thereby determine the alimony, child support and property rights of the respective parties.

Before Ms. Perkins' adversary proceeding could be heard, the debtor filed a "motion to convert" this case to a Chapter 7 liquidation case on November 2, 1982. This court entered an order granting the debtor's application to convert on November 29, 1982. On November 23, 1982, approximately six days prior to the issuance of the November 29 order, the debtor, Carol Perkins and the Chapter 13 trustee Henry E. Hildebrand, III, entered into an agreed order approved by the court which lifted the automatic stay to permit the Chancery Court to "proceed in all matters relating thereto." Richard L. Cummings was then appointed interim Chapter 7 trustee in the debtor's case on November 30, 1982, and accepted his appointment as trustee on December 3, 1982.

On January 31, 1983, the Chancery Court for Wilson County entered a final decree of divorce which (1) granted the debtor and his spouse an absolute divorce; (2) gave custody of the minor child to Ms. Perkins with the debtor maintaining certain visitation rights; (3) awarded Ms. Perkins future child support in the amount of 15% of the net weekly income of the debtor and alimony in the amount of 35% of the debtor's net weekly income; (4) ordered the debtor to pay Ms. Perkins $3,600.00 as past due alimo-

---

1. 11 U.S.C.A. § 523(a)(5) (West 1979) provides:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; . . . ."

2. 11 U.S.C.A. § 549 (West 1979) provides in pertinent part:

"(a) Except as provided in subsection [sic] (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) . . .

(B) that is not authorized under this title or by the court."

3. This case and adversary proceeding were referred to this court pursuant to Administrative Order 28–8 which reinstated Administrative Order 28–1, the interim emergency rule, as interpreted by *White Motor Corp. v. Citibank, N.A.*, 704 F.2d 254 (6th Cir.1983).

ny and child support; (5) awarded a house and lot located at 1720 Cherokee Drive in Lebanon, Tennessee, a 1979 Chevrolet Impala automobile and all household furniture, appliances and related articles to Ms. Perkins as alimony; and, (6) ordered the debtor to pay to his wife as alimony $750.00 for attorney's fees incurred and any court costs which she might have to pay as a result of the divorce action. *Perkins v. Perkins,* Civil Action No. 5166, slip op. at 1–3 (Wilson Ch.Ct. January 26, 1983).

Ms. Perkins filed this complaint on February 2, 1983, requesting the court to declare the alimony and support awarded in the divorce decree nondischargeable. The Chapter 7 trustee asserted in his answer a counterclaim seeking the turnover of property of the estate transferred from the debtor to Ms. Perkins by the divorce decree, including the debtor's interest in the house and lot located at 1720 Cherokee Drive and the 1979 Chevrolet Impala automobile. The trustee alleged that the agreed order lifting the stay to allow the divorce proceeding to continue was not binding on him because he was not a party to the order.

■ The court must agree with the Chapter 7 trustee's assessment. This order granting relief from the stay was approved by this court on November 23, 1982, approximately 21 days after the debtor submitted his motion to convert this Chapter 13 case to Chapter 7. Although the court did not enter an order "granting" this motion until November 29, 1982, this court is of the opinion that the actual date of conversion was the date that the debtor filed his motion to convert. Section 1307(a) grants a *debtor* the unconditional and unwaivable right to convert a case under Chapter 13 to Chapter 7 at any time and contains no

language requiring court approval of the debtor's decision to convert. Section 1307(a) is thus in direct contrast to § 1307(b) which states that *the court* shall dismiss a case under Chapter 13 upon request of the debtor at any time if such case has not previously been converted under § 706 or 1112.[4] A comparison of these two provisions leads to the inescapable conclusion that the debtor's application to convert became effective when filed.

■ After this case was converted to Chapter 7 on November 2, 1982, any agreed order to lift the stay required the approval of the Chapter 7 trustee to be enforceable against him. Although the Chapter 13 trustee did agree to the entry of this order on November 23, 1982, his assent is not commensurate to that of the Chapter 7 trustee. The Chapter 13 trustee lost all authority to act in this case when the conversion became effective. 11 U.S.C.A. § 348(e) (West 1979). Even if the Chapter 13 trustee could have approved the order, the interests he represents are substantially different from his counterpart in Chapter 7. Whereas the Chapter 13 trustee is primarily concerned with consummating a reorganization plan from the debtor's future income, the Chapter 7 trustee is seeking to augment the property of the estate so as to provide creditors with the highest dividend possible. The Chapter 13 trustee would thus be guided by dissimilar concerns in deciding whether to object to an application seeking relief from the stay.

Because the Chapter 7 trustee is therefore not bound by the agreed order, he may attack any provisions of the Wilson County divorce decree that divest property out of the bankruptcy estate. This property re-

---

**4.** 11 U.S.C.A. § 1307(a) and (b) (West 1979) provide:

"(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

(b) On request of the debtor at any time if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiv-

er of the right to dismiss under this subsection is unenforceable."

This court has routinely entered orders approving debtors' motions to convert a Chapter 13 case to one under Chapter 7. This action does not, however, alter the court's present finding that the date of conversion under the provisions of the Bankruptcy Code is the date that the debtor files the motion to convert with the court.

mains within the exclusive jurisdiction of the court of bankruptcy pursuant to 28 U.S.C.A. § 1471(e) (West 1979), until all interested parties agree to remove the stay, the court grants relief from the stay after notice and hearing pursuant to 11 U.S.C.A. § 362(d) (West 1979) or the stay expires under § 11 U.S.C.A. § 362(c) (West 1979). *See Willard v. Willard,* 15 B.R. 898, 900 (Bkrtcy. 9th Cir.1981); *Murray v. Murray,* 31 B.R. 499, 501 n. 2 (Bkrtcy.E.D.Pa.1983).[5] Because none of these events have occurred, the divorce decree is null and void to the extent that it orders property of the estate to be surrendered to Ms. Perkins.

The record is however unclear as to what, if any, interest the estate possesses in the property which was turned over to Ms. Perkins. In particular, the court finds no evidence to substantiate the estate's interest in the house and lot located at 1720 Cherokee Drive, the 1979 Chevrolet automobile or the household furniture and other related articles. This issue will therefore have to be set for hearing at some later date.

The court will also set for hearing on the same date the question of whether the $3,600.00 in past due alimony and child support awarded to Ms. Perkins is non-dischargeable in light of the criteria recently outlined by the Sixth Circuit Court of Appeals in *Long v. Calhoun,* 715 F.2d 1103, 1109–1111 (6th Cir.1983).

The remaining provisions of the divorce decree do not interfere with this court's jurisdiction and are therefore valid between the parties. These provisions include the payments of future support and alimony to Ms. Perkins and the award of costs and $750.00 for her attorney's fees, all which constitute post-petition debts. Ms. Perkins may proceed to collect these amounts from either the debtor's non-exempt property or from property acquired by the debtor post-

petition. *See Murray v. Murray,* 31 B.R. at 501.

The court will accordingly enter an order that the Wilson County Chancery Court's final decree of divorce is null and void to the extent that it divests property out of the bankruptcy estate. The court will also enter an order setting a hearing on the remaining aforementioned issues.

IT IS, THEREFORE, SO ORDERED.

---

5. This court's jurisdiction over property of the estate is predicated upon the district court's referral of this case and adversary proceeding to this court pursuant to Adm. Order No. 28–8, as interpreted by the Sixth Circuit Court of Appeals in *White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254 (6th Cir.1983). The Sixth Circuit in *White Motor* implicitly recognized that § 1471(e) survived the United States Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which invalidated the grant of jurisdiction to bankruptcy courts under § 1471(c). *See White Motor Corp. v. Citibank, N.A.,* 704 F.2d at 259–261.