**Beebe M. HEMONTOLOR**

v.

**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION, and Murfreesboro Production Credit Association.**

No. 3–84–0059.

United States District Court, M.D. Tennessee, Nashville Division.

March 30, 1984.

Dick Eason, Nashville, Tenn., for intervenor.

Michael Mondelli, T. Larry Edmondson, Nashville, Tenn., for defendants.

## MEMORANDUM AND ORDER

JOHN T. NIXON, District Judge.

The appellant/debtor, Beebe P. Hemontolor, appeals from the decision of the bankruptcy court that relief from the automatic stay granted in the debtor's Chapter 7 petition remains in effect even though the debtor converts the Chapter 7 petition to a Chapter 13 petition. For the reasons that follow the bankruptcy court's decision is AFFIRMED.

The appellant commenced this matter on January 14, 1983, when she filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. By proper motions Murfreesboro Production Credit Association (Murfreesboro Production) and First Federal Savings & Loan Association of Lebanon (First Federal) sought and received an order from the bankruptcy court, dated October 4, 1983, lifting the stay of 11 U.S.C. section 362 to permit them to exercise their rights with respect to certain real property owned by the appellant and Toy Allen Hemontolor, Sr., who also filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The property at issue is located at Route 5 Palmer Road, Lebanon, Tennessee. The October 4th Order also specifically permitted those creditors to sell the property and disburse the proceeds consistent with the first mortgage held by First Savings and the second mortgage held by Murfreesboro Production. Any equity remaining after the first and second mortgage are satisfied would become the property of the debtors' estate. A foreclosure sale was scheduled for December 9, 1983. On December 8, 1983, the appellant converted her Chapter 7 proceeding to a Chapter 13 proceeding. On December 9, 1983 at 9:00 a.m., prior to the foreclosure sale, First Federal and Murfreesboro Production applied for relief from the automatic stay of section 362 to permit the foreclosure sale to occur later that day. In an Order entered December 27, 1983 nunc pro tunc to 9:17 a.m., December 9, 1983, the bankruptcy court held that further relief from the automatic stay was not necessary given the court's prior modi-

fication of the stay on October 4. The bankruptcy court approved the debtor's conversion of her Chapter 7 petition to one under Chapter 13. The foreclosure sale took place and the property at issue was purchased by Donna Vradenburg. She was permitted to intervene in this case on February 23, 1984 by ORDER of this Court. She now seeks relief due to Beebe Hemontolor's failure to relinquish possession or pay rent to remain at Route 5 Palmer Road, Lebanon, Tennessee, pending this appeal.

Even though this appeal has not been fully briefed, this Court is of the opinion that this appeal is without merit. The automatic stay provision in section 362 is triggered when a petition for relief is filed under either Chapter 7 or Chapter 13. 11 U.S.C. § 362(a). Unless modified by the bankruptcy court, the automatic stay remains in effect until the case is closed, dismissed and a discharge is granted or denied. 11 U.S.C. § 362(c)(2). Conversion of a case from Chapter 7 to Chapter 13 does not constitute a closing, dismissal or discharge. Neither does a conversion under U.S.C. § 348(a) effect a change in the date the petition was filed, the commencement of the case or the order of relief. Thus, it is the opinion of this Court that the modification of the automatic stay is not effected by the conversion of a Chapter 7 petition to one under Chapter 13.

The decision of the bankruptcy court is AFFIRMED and this appeal is DISMISSED.