**In re L.J. WILLIAMS, Bettie M. Williams, Debtors.**

**A.E. LANDVOIGHT, INC., Plaintiff,**

v.

**L.J. WILLIAMS, Bettie M. Williams, Thomas Lackey, Trustee, Defendants.**

**Bankruptcy No. 83–A–0430.
Adv. No. 83–0873A.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

May 16, 1984.

Worthington Talcott, Jr., Hyattsville, Md., for plaintiff.

Robert Harris, Jessup, Md., for debtors/defendants.

Thomas Lackey, Upper Marlboro, Md., Chapter 7 trustee.

## MEMORANDUM OF DECISION

(Complaint for Declaratory Judgment)

PAUL MANNES, Bankruptcy Judge.

This matter came before the court for a hearing on the merits upon a complaint for declaratory judgment filed by the plaintiff, A.E. Landvoight, Inc. ("Landvoight"), against the debtors, L.J. Williams and Bettie M. Williams ("the Williams"), and the trustee, Thomas Lackey. The Chapter 7 trustee did not respond, therefore a judgment may be entered against him by default. While the Williams filed an answer, this court, by an order dated July 19, 1983, terminated the stay as to § 362 as to the debtors (the Chapter 13 trustee not being a party in that proceeding) so as to permit Landvoight and Franklin T. Garrett proceed to exercise their rights under their deeds of trust secured by the subject property.

The issue presented in the instant case is whether the conversion of the debtors' case requires that a hearing be held as to the interests of the new trustee. In this jurisdiction, Chapter 13 trustees are not parties in interest, therefore this issue would only be presented in conversions from Chapter 13 to Chapter 7. While the issue presents an interesting academic exercise, the court received neither a written statement of facts from the parties nor any written briefs. With the current caseload, the court does not have the time to write law review articles for curious parties.

The court will view the complaint as a motion to terminate the stay of § 362.

To recapitulate the background of this case, the debtors' Chapter 13 proceeding was filed on March 22, 1983. This

matter was previously before the court upon the complaint for relief from the stay filed by Landvoight, Adversary Proceeding No. 83–0552. That adversary proceeding was resolved by this court's order of July 19, 1983, granting the plaintiff's relief from the stay of § 362. The court's findings were that the total of the two secured debts as of that date was in excess of $55,000, and the fair market value of the property was found to be $45,000. Debtors clearly had no equity in the property. Furthermore, debtors claimed an exemption of $15,000 of value in the subject property. If debtors had no interest in the property, clearly the trustee has no such interest. The Chapter 7 trustee recognized this when he filed his report of no distribution on February 6, 1984, a fact which was not pointed out by counsel.

Debtors have no legitimate purpose that they can accomplish by continuation of this charade. Unlike the case of *In re Perkins*, 36 B.R. 618 (Bkrtcy.M.D.Tenn.1983), the issue of whether relief from the automatic stay is appropriate has been fully litigated before this court on a prior occasion. In *In re Perkins*, the Bankruptcy Court for the Middle District of Tennessee held that in the converted case the Chapter 7 trustee was not bound by a consent order lifting the stay agreed to by the Chapter 13 trustee. *Id.* at 620. In the present case, this court has previously heard and fully litigated the merits of the complaint for relief from the stay. An order will be entered annulling the stay of § 362 as to the Chapter 7 trustee so that, for the purposes of this case, the stay never went into effect as to him with respect to the subject property, 7119 Kent Town Drive, Hyattsville, Maryland.