BRITISH AVIATION INSURANCE
COMPANY, etc., et al.,
Plaintiffs-Appellees,

v.

STATE AIRLINES, INC., etc., et
al., Defendants,

Paul G. Quinn and Susan Menut,
Defendants-Appellants.

No. 86–5455.

United States Court of Appeals,
Eleventh Circuit.

July 29, 1987.

Sharon L. Wolfe, Cooper, Wolfe & Bolotin, P.A., Miami, Fla., for defendants-appellants.

Diane H. Tutt, Blackwell, Walker, Fascell & Hoehl, Miami, Fla., Thomas J. Whalen, Condon & Forsyth, Timothy J. Lynes, Washington, D.C., for plaintiffs-appellees.

Before HILL, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Defendants-appellants Paul G. Quinn and Susan Menut (hereinafter defendants) were injured in an airplane accident that resulted in several state and federal legal proceedings. In response to these actions, plaintiff-appellee British Aviation Insurance Company (hereinafter BAIC) brought this declaratory judgment action in federal district court to determine its liability as insurer. The district court, on February 13, 1985, ordered all proceedings in this case stayed. Defendants seek to appeal that stay, though they concede that they do not appeal from the February 13 order, which they contend was merely a preliminary stay. Instead, defendants appeal a March 11, 1985 order by the district court, which defendants claim is the order that finally imposed the stay. We conclude, however, that the March 11 order merely denied defendants' motion to set aside the February 13 stay order and that the March 11, 1985 order is not an appealable order. We therefore must dismiss defendants' appeal.

The facts of the 1982 airplane accident are not relevant to this appeal; neither are most of the multitudinous legal maneuverings that have ensued. The central facts relevant to this case are (1) that defendants sued State Airlines, Inc. (State) as the employer of the pilot involved in the crash, and (2) that BAIC provided liability insurance for State and, therefore, had a clear interest in any liability actions involving State.

Eventually, after various suits were ongoing, State filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code, an action that triggered an automatic stay of all proceedings against State. *See* 11 U.S.C.A. sec. 362(a). That first stay was modified so BAIC could proceed with this federal declaratory judgment action. State later converted its Chapter 11 bankruptcy to a straight Chapter 7 bankruptcy proceeding. In its February 13, 1985 order, the district court held that the conversion created a new stay. Defendants would like to contest the validity of this "new" or reinstated stay; we decide, however, that they do not have the right to do so because they have not appealed from the district court's stay order. Moreover, the March 11 order that they do appeal is not an appealable order.

A chronology of events is necessary to understand how this issue developed. On

February 11, 1985 BAIC filed a "request for directions of the court" in which BAIC stated that the April, 1984 conversion from Chapter 11 to Chapter 7 had stayed all proceedings. BAIC asked whether the parties should proceed given this stay. On February 13, 1985 the district court responded to BAIC's request for directions by entering the following order: "all proceedings in this case, number 83–6393–CIV–GONZALEZ, be and the same are hereby STAYED pending further order of this court." On February 20, 1985 defendants filed a "response" to BAIC's request for instructions in which defendants argued that the conversion did not trigger a new, automatic stay. On March 5, 1985 the district court granted BAIC's motion to file a memorandum in response to defendants' response. The BAIC "response" was filed that same day, March 5, 1985. On March 11, 1985 the district court entered an order in which the court stated that "this cause has come before the Court upon the objections of defendants Menut and Quinn to the Court's February 13, 1985 order staying any further proceedings in this action." The court went on to conclude that "defendants' objections to the Court's February 13th order staying further proceedings in this case be and the same are OVERRULED."

This Chronology makes clear that the February 13, 1985 order was a final stay of all proceedings in the case and not an interim stay to allow defendants time to respond. The district court therefore treated defendants' February 20, 1985 "response" as objections to the court's February 13 order staying proceedings and as a request to set aside the February 13 order. The March 11, 1985 order, therefore, is a denial of defendants' motion to set aside the stay order of February 13, 1985.

The March 11, 1985 order is not appealable as an indefinite stay order appealable as a final order or as an appealable collateral order, or as an appealable interlocutory order. *Compare Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), *with Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1979) *and Ettelson v. Metropolitan Life Ins. Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935).

APPEAL DISMISSED.