**BRITISH AVIATION INSURANCE COMPANY, LTD., Michael Valerie Spratt and Charles David Dalrymple Gilmour, as designated agents for and on behalf of certain Underwriters at Lloyds of London, Appellants,**

v.

**Susan MENUT and Paul G. Quinn, Appellees.**

**No. 85–6646–CIV.**

United States District Court; S.D. Florida, N.D.

May 9, 1988.

Thomas J. Whalen, Timothy J. Lynes, Condon & Forsyth, Washington, D.C., Di-

ane H. Tutt, Blackwell Walker Fascell & Hoehl, Miami, Fla., for appellants.

Robert Hewitt, Albert A. Gordon, P.A., Sharon Wolfe, Cooper, Wolfe & Bolotin, P.A., Miami, Fla., for appellees.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the appeal by appellants British Aviation Insurance Company, Ltd., and Michael Valerie Spratt and Charles David Dalrymple Gilmour, as designated agents for and on behalf of Underwriters at Lloyds of London (hereinafter referred to collectively as "British Aviation"). British Aviation appeals the orders of the United States Bankruptcy Court entered in response to the Joint Motion of Clarification of appellees Susan Menut and Paul G. Quinn.

The Bankruptcy Court held that the conversion by the debtor, State Airlines Inc., from a proceeding under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 et seq.) to a proceeding under Chapter 7 of the Code (11 U.S.C. § 701 et seq.) did not give rise to a new automatic stay of actions against the debtor. Default judgments were eventually entered against State Airlines and in favor of Menut and Quinn. British Aviation appeals the finding that the conversion did not give rise to a new automatic stay.

Determination of this appeal requires a close look at the prior proceedings instituted in connection with this debtor. The litigation against the debtor arose from an airplane crash on October 18, 1982. Appellees Menut and Quinn filed two separate suits in Broward County Circuit Court against State Airlines for personal injuries. British Aviation filed a declaratory judgment action in this court seeking a declaration that it was not liable to State Airlines under certain insurance policies issued by British Aviation for the injuries sustained by Menut and Quinn.

State Airlines eventually filed for reorganization under Chapter 11. British Avia-tion, Menut and Quinn all petitioned the Bankruptcy Court for and were granted orders modifying the automatic stay imposed on all actions pending against State Airlines. The three actions were allowed to proceed.

In April 1984, the Bankruptcy Court converted State Airlines' Chapter 11 proceeding to a Chapter 7 proceeding. This court held that the conversion to Chapter 7 effected a new stay of proceedings and stayed British Aviation's declaratory judgment action. Menut and Quinn appealed the stay to the Court of Appeals for the Eleventh Circuit.

Shortly after this court held that the conversion effected a new stay, Menut and Quinn moved the Bankruptcy Court for a determination of whether the modification of the Chapter 11 automatic stay previously entered by the court remained valid after the conversion to Chapter 7. Despite this court's prior holding, the Bankruptcy Court ruled that the conversion from Chapter 11 to Chapter 7 did not affect the previously entered order modifying the stay and that the state court actions against State Airlines could proceed.

British Aviation appealed the Bankruptcy Court's order to this court. That appeal was stayed pending resolution by the Eleventh Circuit of this court's order regarding the stay.[1] In the meantime, the state court entered defaults against State Airlines in the personal injury actions. Judgments were entered against State Airlines and in favor of Menut in the sum of $945,000.00 and in favor of Quinn in the sum of $766,-000.00. British Aviation appealed the entry of the judgments on the ground that they violated the automatic stay. British Aviation also appealed the court's denial of its Petition to Intervene. The Fourth District Court of Appeal of Florida affirmed entry of the judgments.

The issue on this appeal is whether the bankruptcy court erred in finding that the conversion from Chapter 11 to Chapter 7 did not impose a new stay. The court finds

---

1. That appeal was eventually dismissed for appellants' failure to appeal the proper order. See

*British Aviation Insurance Company v. State Airlines, Inc.,* 822 F.2d 1029 (11th Cir.1987).

that the Bankruptcy Court did err. The court has previously found that the conversion in question constitutes "an order for relief" and gives rise to a new automatic stay of proceedings. *See* 11 U.S.C. § 348; *F & M Marquette National Bank v. Richards,* 780 F.2d 24 (8th Cir.1985) (holding that conversion to Chapter 7 from Chapter 11 is an "order for relief"). The Bankruptcy Court erred in not giving effect to this court's order that a new stay was imposed.

The state court judgments entered against State Airlines are null and void and of no effect as they were entered in violation of the automatic stay imposed as a result of the conversion. *See Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982).

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the order of the Bankruptcy Court that the conversion from Chapter 11 to Chapter 7 did not give rise to a new stay be and the same is REVERSED. The said conversion did effect a new stay. As a result, the judgments entered in state court in favor of Susan Menut and Paul G. Quinn and against State Airlines, Inc. are void and null. This cause shall stand REMANDED to the Bankruptcy Court.