**In re Gary E. GREETIS and Annette Greetis, Debtors.**

**Bankruptcy No. 87–08956–LM13.**

United States Bankruptcy Court, S.D. California.

March 17, 1989.

Jeffery Styers, Rasmussen & Styers, San Diego, Cal., for debtors.

Helen Ryan Frazer, Orange, Cal., Gary E. Slater, San Diego, Cal., for creditors.

## ORDER

PETER W. BOWIE, Bankruptcy Judge.

This matter came on for hearing on debtor's Motion for an Order Voiding the Trustee's Sale of Debtors' Residence. Debtors were represented by Jeffery Styers, and the creditor, Great Western Bank, was represented by Helen Ryan Frazer and Gary Slater.

The Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1334 and General Order 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G), (O).

The essential facts are not in dispute. Debtors filed their petition under Chapter 11 on December 11, 1987. On February 1, 1988, Great Western Bank filed its motion for relief from the automatic stay, alleging that debtors had made no payments since January, 1986, that debtors' obligation exceeded $174,000, and that a 1979 appraisal set the value of the property at $165,000. Debtors opposed the motion, contending that the value of the property was $230,000 and therefore Great Western was protected by an equity cushion.

The initial hearing was continued and on May 31, 1988 Judge Malugen of this Court granted an order intended to provide debtors a period of time to liquidate their equity in the property. Specifically, the Court's minute order recites that debtors were to resume and maintain the regular monthly payments under the contract, and that "absolute" relief from stay was granted effective September 9, 1988. Thereafter, a written order was submitted and entered on July 19, 1988. That order is the source of the present controversy because it omitted the provision for full relief from the stay on September 9, 1988.

On September 16, 1988 debtors filed a motion to convert their case to one under Chapter 13. That motion was set for hearing on October 23, 1988. Debtors proposed to pay all arrearages through their plan. On October 13 Judge Malugen granted the motion to convert, and an order for relief was entered on November 3, 1988.

Around the same time, Great Western applied to the Court for ex parte relief from the automatic stay on the ground that debtors were in violation of the July 19 order. That application was denied without a hearing.

On December 14, 1988 Great Western filed and served an Application to Amend Order Re: Adequate Protection And Relief From Stay. Great Western had belatedly realized that the July 19 order omitted the provision for full relief effective September 9, 1988. Great Western had served a proposed Amended Order on November 11, 1988, which was received by the court on November 14. As noted, the Application for the Amended Order was not filed and served until December 14, 1988. After review, Judge Malugen approved the Amended Order on December 28, 1988, and it was entered December 30.

On or about January 6, 1989 debtors filed a Notice of hearing On Debtor's Motion to Dismiss Chapter 13 Bankruptcy. In supporting documents filed January 27, 1989 the debtors acknowledged that Great Western had been granted full relief effective September 9, 1988. In the meantime, the Chapter 13 Trustee filed his motion to convert the case to one under Chapter 7.

On February 6, 1989 Debtors filed an Ex–Parte Application For An Order Setting Aside Trustee's Sale And Contempt. This Court required the matter be set for hearing, and on March 3, 1989 Debtors filed a noticed Motion For An Order Voiding the Trustee's Sale of Debtor's Residence. This Court authorized a shortened notice period. The essence of Debtors' position is that a new automatic stay arose upon conversion of the case from Chapter 11 to Chapter 13 on November 3, 1988, when the order for relief was entered. They argue that the Trustee's sale which occurred thereafter was in violation of the automatic stay, and

therefore void, because no relief from the stay was obtained in the Chapter 13 case.

The question which this Court must answer is whether a new automatic stay arises upon entry of an order for relief upon conversion of a case from one under Chapter 11 to one under Chapter 13.

The relevant statutes are 11 U.S.C. §§ 348 and 362. In pertinent part, section 348 provides:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

Section 362(a) provides in pertinent part:

Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities....

Insofar as published decisions would indicate, very few courts have been called upon to answer the question.

One case which did reach an answer is *Hemontolor v. First Federal Savings & Loan Association*, 38 B.R. 340 (D.M.D. Tenn.1984). In that case, the debtor filed her petition under Chapter 7. Approximately nine months later, two secured creditors obtained relief from the stay of § 362. Two months later, on the eve of the scheduled foreclosure, the debtor converted her case to one under Chapter 13. The secured creditors immediately applied for further relief. As reported by District Judge Nixon on appeal, "the bankruptcy court held that further relief from the automatic stay was not necessary given the court's prior modification of the stay on October 4." 38 B.R. at 340–341. On review, Judge Nixon wrote:

The automatic stay provision in section 362 is triggered when a petition for relief is filed under either Chapter 7 or Chapter 13. 11 U.S.C. § 362(a). Unless modified by the bankruptcy court, the automatic stay remains in effect until the case is closed, dismissed and a discharge is granted or denied. 11 U.S.C. § 362(c)(2). Conversion of a case from Chapter 7 to Chapter 13 does not constitute a closing, dismissal or discharge. Neither does a conversion under U.S.C. § 348(a) effect a change in the date the petition was filed, the commencement of the case or the order for relief. Thus, it is the opinion of this Court that the modification of the automatic stay is not effected (sic) by the conversion of a Chapter 7 petition to one under Chapter 13.

38 B.R. at 341. This Court understands *Hemontolor* to say that the existence of the original automatic stay can be altered only by modification by the court, or by closing the case, dismissal or discharge. Since conversion is not on that list, conversion has no effect on the original stay.

Another court approached the issue in *In re Williams*, 40 B.R. 366 (Bankr.D.Md. 1984), but did not resolve it. In that case, the debtor filed under Chapter 13. Four months later, relief from stay was granted on debtor's real property. At some point thereafter, the case was converted to one under Chapter 7. The court concluded that the merits of whether the stay should be lifted had already been fully litigated. Accordingly, the court wrote:

An order will be entered annulling the stay of § 362 as to the Chapter 7 trustee so that, for the purposes of this case, the stay never went into effect as to him with respect to the subject property....

40 B.R. at 367. Indeed, it could be argued that the court's order in *Williams* suggests a new stay did arise upon conversion, if an annulment was necessary.

In reaching its decision, the *Williams* court distinguished *In re Perkins*, 36 B.R. 618 (Bankr.M.D.Tenn.1983). The *Williams* court characterized the *Perkins* holding to provide "that in the converted case the Chapter 7 trustee was not bound by a consent order lifting the stay agreed to by the Chapter 13 trustee." 40 B.R. at 367. However, the *Perkins* court actually held that the conversion to Chapter 7 was effective *prior* to the agreement between the Chapter 13 trustee and the creditor. If the

case were already converted, only the Chapter 7 trustee would have authority to make such an agreement, reasoned the court. 36 B.R. at 620.

More recently, Chief Judge Krechevsky encountered a variation of the issue before this Court. *Matter of Meltzer,* 84 B.R. 312 (Bankr.D.Conn.1988) involved a debtor who filed under Chapter 11. Relief from stay was subsequently obtained, and foreclosure was completed. After the foreclosure was concluded, the debtor converted his case to one under Chapter 7. The Chapter 7 trustee then sought to set aside the foreclosure as a fraudulent transfer made within one year of the date of conversion. The court concluded that the trustee's powers would not reach such a transfer.

Although cited by Great Western in the instant case, *Meltzer* is of no direct assistance because the stay had been granted and foreclosure completed prior to conversion. There was nothing left for a new stay to act upon, were one to arise upon conversion. However, *Meltzer* does suggest the nature of the problems which could arise if a conversion can affect creditors who have obtained relief from stay during the earlier proceedings.

In *British Aviation Ins. Co., Ltd. v. Menut,* 85 B.R. 884 (D.S.D.Fla.1988), the district court had before it an appeal from an order of a bankruptcy court holding that conversion did not give rise to a new stay, and "did not affect the previously entered order modifying the stay...." 85 B.R. at 885. As the district court wrote:

The issue on this appeal is whether the bankruptcy court erred in finding that the conversion from Chapter 11 to Chapter 7 did not impose a new stay. The court finds that the Bankruptcy Court did err. The court has previously found that the conversion in question constitutes "an order for relief" and gives rise to a new automatic stay of proceedings. *See* 11 U.S.C. § 348; *F & M Marquette National Bank v. Richard,* 780 F.2d 24 (8th Cir.1985) (holding that conversion to Chapter 7 from Chapter 11 is an "order for relief"). The Bankruptcy Court

erred in not giving effect to this court's order that a new stay was imposed.

85 B.R. at 885–886. Apparently, the district court was of the view that an order for relief is synonymous with, or at least includes, the stay under section 362. This Court disagrees, and concludes that conversion does not give rise to a new stay under section 362.

Section 301 of Title 11, United States Code, provides:

A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. *The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.* (Emphasis added.)

For present purposes, the inquiry focuses on the meaning of the phrase "order for relief." Fortunately, *Collier On Bankruptcy* (15th Ed.) provides some historical perspective. That treatise advises:

Section 301 provides that the filing of a petition constitutes an "order for relief" because of the clear power of Congress to permit voluntary bankruptcy without the necessity of an adjudication, whereas when the 1898 Act was enacted, voluntary bankruptcy was a concept not thoroughly tested. This change in the language in itself creates no change in the rights of the parties. Section 1(2) of the prior Act defined "adjudication" to mean "a determination, whether by decree or by operation of law, that a person is a bankrupt." Section 18f of the Act adopted a plan of automatic adjudication by providing that the filing of a voluntary petition in ordinary bankruptcy operated as an adjudication with the same effect as a decree of adjudication. The same result is carried over under the Code. Section 102(6) of the Code states that "order for relief" means entry of an order for relief. Thus the filing of a voluntary petition is an automatic entry of an "order for relief."

Under the Bankruptcy Act an adjudication in bankruptcy was a judgment *in*

*rem,* a determination of the debtor's status as a bankrupt, binding upon all parties in interest, whether or not they appeared in the proceedings for an adjudication. Although section 301 of the Code substitutes "order for relief" in place of "adjudication," the order for relief has the same far-reaching effect.

2 *Collier On Bankruptcy* 301–14 (15th Ed. 1988).

From the foregoing, it seems clear that an "order for relief" is an order entered *against the debtor,* adjudicating, at least preliminarily, that the debtor is a bankrupt. In voluntary petitions, that adjudication is automatic. In turn, entry of an order for relief sets the time frame for other events involving the debtor. See, e.g., 11 U.S.C. §§ 341(a), 365(d)(1), 701, 1102(a).

The automatic stay of 11 U.S.C. § 362 has separate origins, as *Collier's* details at length. 2 *Collier On Bankruptcy,* ¶ 362.01, pp. 362–7—362–24 (15th Ed.1988). That history will not be recited here. It is sufficient to conclude that an "order for relief" is different from the automatic stay provided in section 362.

If there were any reservation about whether the automatic stay of section 362 is independent from an order for relief, review of circumstances involving involuntary petitions should dispel it. When an involuntary petition is filed, an order for relief is not automatically entered. Rather, it is entered upon default or after trial adjudicating the debtor (as well as another ground not relevant here). 11 U.S.C. § 303(h). In contrast, as section 362(a) makes quite clear, the automatic stay arises promptly upon the filing of a petition under section 301, 302, *or 303.* It is not at all dependent upon entry of an order for relief.

An associated argument is based upon the express language of section 362. Specifically, the section provides that "a petition filed under section 301, 302, or 303 ... operates as a stay...." Filing a motion to convert is not filing a petition. Indeed, section 348 also supports such a position, because it expressly recognizes that a con-

version "does not effect a change in the date of the filing of the petition...."

For the foregoing reasons, this Court concludes that conversion of a case from one chapter to another does not give rise to a new automatic stay. To the extent the stay under section 362 was modified, annulled, conditioned or terminated during proceedings prior to conversion, the earlier order is unaffected by a subsequent conversion and "order for relief" under section 348.

Accordingly, the debtors' motion to void the trustee's sale as violative of the automatic stay is denied.