**In re David CAMPOS and Carmen Campos, Debtors.**

**David W. ALOYAN, Movant,**

v.

**David CAMPOS and Carmen Campos, and David Ray, Chapter 7 Trustee, Respondents.**

**Bankruptcy No. LA 87–55063.**

United States Bankruptcy Court, C.D. California.

July 18, 1991.

Ronald M. Stark & Associates, Norwalk, Cal., for movant.

Moises Vasquez, Whittier, Cal., for respondents.

David Ray, Los Angeles, Cal., Trustee.

## MEMORANDUM OF OPINION

ALAN M. AHART, Bankruptcy Judge.

### I

Movant filed a motion for relief from the automatic stay to continue with its foreclosure after the debtors converted their bankruptcy case from Chapter 13 to Chapter 7. The Court denies the motion as moot because movant obtained an order lifting the automatic stay *before* the case was converted to Chapter 7.

### II

### FACTS

The debtors filed a petition under Chapter 13 of the Bankruptcy Code in 1987. Movant requested relief from the automat-

ic stay and an order was entered in October 1990, allowing movant to foreclose on its collateral if relief from stay were granted to a senior lienholder. Thereafter, a senior lienholder obtained relief from the stay and movant proceeded with its foreclosure. Movant scheduled a trustee's sale of the property, but the debtors converted the case to Chapter 7 before the sale could be held.

### III

### DISCUSSION

**A.** *Creation and Termination of the Automatic Stay*

Section 362 of the Bankruptcy Code states that *filing of a bankruptcy petition* operates as an automatic stay. 11 U.S.C. § 362(a) (1991). Subsection (a) of this section lists the various actions that are enjoined. Subsection (b) describes the exceptions to the automatic stay, while subsection (c) delineates the duration of the stay. Subsection (d) sets forth the grounds for obtaining relief from the stay and subsections (e), (f) and (g) prescribe the procedure to be followed when relief from stay is requested. Subsection (h) provides remedies for violation of the automatic stay. Nowhere in section 362 is *any* provision made for reimposing the automatic stay once it has been terminated.

**B.** *Conversion to Chapter 7 Does Not Reimpose the Automatic Stay*

 Section 348 of the Bankruptcy Code, which is entitled "Effect of Conversion," does not re-establish the automatic stay upon conversion. *See* 11 U.S.C. § 348 (1991). The only provision of this section that refers to *filing of a bankruptcy petition* (as opposed to the commencement of a case or an order for relief), states that conversion of the case does not change the date of filing.[1] Since the automatic stay

---

**1.** 11 U.S.C. § 348(a) (1991). Bankruptcy Code section 349, which deals with the effect of *dismissal,* gives the court discretion, for cause, to change the consequences of dismissal otherwise set forth in that section. See 11 U.S.C. § 349 (1991). By contrast, section 348 only empowers

a court to modify the effect of an "order for relief" when a case is converted. See 11 U.S.C. § 348(b) (1991). Because the automatic stay arises when a petition is filed, and because section 348 does not authorize the court to fix a new petition filing date upon conversion, it also

arises upon filing of the petition, and since conversion does not change the date of filing, conversion of a bankruptcy case from one chapter to another does not create an automatic stay under section 362. *See In re State Airlines, Inc.,* 873 F.2d 264, 268–69 (11th Cir.1989) (The order converting a case from Chapter 11 to Chapter 7 does not reestablish the automatic stay previously lifted by a court order during the Chapter 11 proceeding.); *In re Greetis,* 98 B.R. 509, 513 (Bankr.S.D.Cal.1989) (Conversion of a Chapter 11 case to a Chapter 13 case does not give rise to a new automatic stay, and thus, the creditor who obtained relief from stay during the Chapter 11 case is not required to obtain new relief postconversion.); *Hemontolor v. First Federal Savings & Loan Association,* 38 B.R. 340, 341 (M.D.Tenn.1984) (The automatic stay can be modified by the court and conversion from a Chapter 7 to Chapter 13 does not affect the modification.).[2]

## C. *An Order Lifting the Stay is Not Affected by Subsequent Conversion of the Case to Chapter 7*

■ As noted above, the automatic stay was lifted for movant prior to conversion of the case. Movant postponed its trustee's sale after the case was converted, apparently believing that a new automatic stay arose when the case was converted to Chapter 7. Movant was mistaken in this belief.

Since conversion of a Chapter 13 case to Chapter 7 does not create a new automatic stay,[3] an entered order lifting the automatic stay remains effective notwithstanding subsequent conversion of the case to Chapter 7. In *In re Perkins,* 36 B.R. 618 (Bankr.N.D.Tenn.1983), the Court held that

the Chapter 7 trustee was not bound by an agreed order that was signed by the Chapter 13 trustee after the case was converted from Chapter 13 to Chapter 7. The debtor in *Perkins* filed a motion to convert the case on November 2, 1982. The Court entered an order granting the debtor's motion on November 29, 1982. Six days before entry of this order, the debtor, the debtor's spouse and the Chapter 13 Trustee agreed to an order lifting the automatic stay. The *Perkins* Court held that the case was deemed converted upon the filing of the debtor's motion, not entry of the order approving the motion. This holding is correct because the debtor may convert a case from Chapter 13 to Chapter 7 at any time and, pursuant to current Bankruptcy Rule 1017(d), a Chapter 13 case is deemed converted to Chapter 7 immediately upon filing by the debtor of a Notice of Conversion. Thus, the *Perkins* opinion is not contrary to the maxim that an order lifting the stay entered *before* conversion of a case to Chapter 7 remains effective regardless of the conversion.

## D. *A Rule That No New Automatic Stay Arises Upon Conversion to Chapter 7 Limits Manipulation By the Debtor*

If a new automatic stay were to arise upon conversion of a Chapter 13 case to a Chapter 7 case, a Chapter 13 debtor could effectively avoid the terms of an earlier order lifting the automatic stay by simply filing a Notice of Conversion. A rule of law that no new automatic stay arises upon conversion will curtail this behavior.

Assume that a creditor files a motion to lift the automatic stay while the debtor's Chapter 13 case is pending. If the debtor knows that conversion of the case to Chap-

seems clear that the court cannot *order* imposition of a new automatic stay solely on account of conversion.

**2.** There is one other reported case dealing with the effect of conversion on an order modifying the automatic stay, *In re Williams,* 40 B.R. 366, (Bankr.D.Md.1984). In *Williams,* the Court found that the merits of the request for relief from the automatic stay has been fully litigated before the case was converted from Chapter 13 to Chapter 7. Apparently believing that a new stay was created upon conversion, the court

annulled the stay as to the Chapter 7 trustee. *See id.* at 367; *In re Greetis, supra,* at 511. While a new stay did *not* arise upon conversion, the *Williams* court's conclusion that the Chapter 7 trustee was bound by the earlier order is correct.

**3.** The Chapter 13 "co-debtor stay" applicable to consumer debts actually *terminates* when the case is converted to Chapter 7. 11 U.S.C. § 1301(a)(2).

ter 13 will *not* result in a new automatic stay, and if the debtor believes that the case should nevertheless proceed under Chapter 7, the debtor will be required to file a Notice of Conversion to Chapter 7 before an order is entered lifting the automatic stay. If the Debtor informs the Court that the case has been converted to Chapter 7 before the Court decides the motion, presumably the Court will refuse to rule until after the Chapter 7 Trustee is named and served as a respondent in the motion. The Court would thereafter grant the motion only after being assured that the Chapter 7 Trustee has had an opportunity to appear and be heard and that the facts in the Chapter 7 case justify relief from stay.[4]

It should also be recalled that the debtor generally has a right to voluntarily dismiss a Chapter 13 case at any time. 11 U.S.C. § 1307(b). If the Court dismisses a Chapter 13 case at the debtor's request after filing of a motion for relief from stay, the debtor will not be eligible to file another case under the Bankruptcy Code during the 180–day period following entry of the dismissal order. 11 U.S.C. § 109(g)(2) (1991). Consequently, if conversion of a case from Chapter 13 to Chapter 7 does not invoke a new automatic stay, it is also less likely that a creditor who obtains relief from the stay before a conversion will be subjected to further unwarranted delay in pursuing its lawful remedies.

## IV

## CONCLUSION

Conversion of a bankruptcy case to Chapter 7 does not trigger a new automatic stay. Thus, if an order lifting the automatic stay is entered before the case is so converted, the beneficiary of the order may proceed in accordance with the order notwithstanding conversion of the case.

**4.** In a Chapter 13 case the debtor's equity in property is generally not relevant when a creditor files a motion to lift the stay. However, in a Chapter 7 case, the debtor's equity in property be may the central issue. If a debtor converts

A separate order shall be entered denying the motion as moot.

the case to Chapter 7 before the Court rules on the creditor's motion to lift the stay the debtor's equity in the property will be squarely in issue unless the creditor can establish other grounds for relief from the stay. See 11 U.S.C. § 362(d).