**In the Matter of Linda R. NICHOLS, Debtor.**

**Bankruptcy No. 1–91–00748.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 27, 1991.

Kenneth Ross, Cincinnati, Ohio, for debtor.

Rick D. Deblasis, Cincinnati, Ohio, for Star Bank.

## ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEBTOR'S MOTION FOR CONTEMPT AND FOR SANCTIONS AND TO SET ASIDE SHERIFF'S SALE OF REAL ESTATE

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter came before this Court on Debtor's Motion For Contempt and For Sanctions and To Set Aside Sheriff's Sale of Real Estate (Doc. 27). Star Bank, N.A., Cincinnati ("Star Bank") filed its Memorandum in Opposition (Doc. 28) and Debtor filed her Memorandum in Response (Doc. 31) and Supporting Affidavit (Doc. 32). A hearing was held on November 8, 1991.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

The facts are not in dispute. On February 7, 1991, the Debtor filed her Chapter 7 petition. Star Bank, a secured creditor holding a first mortgage on the Debtor's residence, filed its motion for relief from stay regarding said property, which motion was granted without a hearing by this Court on May 2, 1991. Thereafter, Star Bank initiated foreclosure proceedings in state court, with the sheriff's sale of the property being set for October 3, 1991. On October 2, 1991, the Debtor obtained an Order Granting Permission to Proceed Under Chapter 13 and Granting the Debtor an Order For Relief under Chapter 13 ("October 2, 1991 Order") (Doc. 26). A copy of the October 2, 1991 order was received by counsel for Star Bank prior to the sheriff's sale. The sale proceeded on October 3, 1991, but Star Bank did not request confirmation of the sale by state court. In her Chapter 13 plan, the Debtor proposes to cure the arrearage to Star Bank and maintain her regular monthly payments.

The Debtor testified at the hearing that health problems which interfered with her ability to work caused her to file her initial Chapter 7. She was promised disability payments by her employer, but was not given any firm assurances of such pay-

ments for many months and received her first disability payment on November 1, 1991, thereby making a Chapter 13 plan feasible.

The first issue before this Court is whether the conversion of a case in Chapter 7 to a case in Chapter 13 establishes a new Order for Relief requiring modification of the automatic stay in the Chapter 13 case, where the creditor has obtained modification of the automatic stay in the initial chapter 7 proceeding.

The second issue before this Court is whether or not Star Bank should be held in contempt for violating the automatic stay.

Pursuant to 11 U.S.C. § 362(a),

... a petition filed under section 301, 302, or 303 of this title ... operates as a stay ...

Pursuant to 11 U.S.C. § 348(a),

conversion of a case from a case under one chapter ... to a case under another chapter ... constitutes an order for relief under the chapter to which the case is converted, but, ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

■ Based on the above referenced Code provisions, the Debtor argues that a conversion from Chapter 7 to Chapter 13 creates a new order for relief and a new automatic stay, thereby making it necessary for a creditor to file a new motion for relief from stay in the subsequent Chapter 13 case.

Star Bank argues that only the filing of an initial petition operates as a stay, therefore, a mere conversion does not result in a new stay.

The caselaw on this issue is somewhat conflicting. It has been held that the first order granting relief from stay should be given res judicata effect in a subsequent case. *See, In re Bradley*, 38 B.R. 425 (Bankr.C.D.Cal.1984) (stay relief is res judicata in subsequent case unless conditions have changed and debtor has new defenses) *and In re Williams*, 40 B.R. 366 (Bankr.D.Md.1984) (conversion from Chapter 7 to Chapter 13 did not require second hearing regarding earlier termination of stay where bankruptcy court had previously heard and wholly litigated the merits in the superseded Chapter 7 case), *and, Hemontolor v. First Federal Savings & Loan Association*, 38 B.R. 340 (D.C.M.D.Tenn.1984) (automatic stay not effected by conversion to Chapter 13 since conversion is not closing, dismissal or discharge). Further, in an unreported opinion entered on July 23, 1985 by Bankruptcy Judge Burton Perlman in *In re John Wolterman Concrete Company, Inc.*, 52 B.R. 31 (Bankr.S.D.Ohio 1985) it was held that the conversion of a case from Chapter 11 to Chapter 7 did not vitiate a court-approved Agreed Entry made in the Chapter 11 case between the debtor/subcontractor and the general contractor regarding payments to materialmen even though the trustee now stands in the shoes of the debtor. *But, see, In re Norris*, 39 B.R. 85 (E.D.Pa.1984) (judge in pending proceeding does not have power to determine that automatic stay shall not be available in subsequent proceeding in that there is no warrant for assuming that debtor, in the absence of any evidence to support assumption, is likely to abuse system) *and, In re Perkins*, 36 B.R. 618 (Bankr.M.D.Tenn.1983) (Chapter 13 trustee not bound by consent order lifting stay which was agreed to by previous Chapter 7 trustee). It has also been held that if a secured creditor's request for relief from stay has been denied, it should not be permitted to seek relief again absent a showing of changed circumstances. *In re Johns–Manville Corp.*, 40 B.R. 219 (S.D.N.Y.1984).

■ On the first issue, we hold that the conversion of a case in Chapter 7 to a case in Chapter 13 establishes a new order for relief. In the typical case involving no response from the debtor, the creditor will need to file a new motion for relief from stay in the Chapter 13 case to proceed as against its collateral, even though relief from stay may have been previously granted in the Chapter 7 proceeding. The Debtor has the right to make such a conversion and issues of adequate protection may be very different in the Chapter 13 case than

they were in the Chapter 7 case. However, such rights of a debtor may be cut off where the issue of relief from stay has been fully and fairly litigated in the initial proceeding or where the conversion is clearly an abusive filing with no real hope of fulfillment. This holding does not disturb Judge Perlman's decision in *In re John Wolterman Concrete Co., Inc.*, (supra).

On the second issue, we find Star Bank not to be in contempt because the conversion occurred only the day before the sheriff's sale and because Star Bank had a colorable argument supporting its decision to proceed with the sale.

Accordingly, it is hereby ORDERED that the foreclosure sale be set aside and held for naught. Debtor's request for fees and sanctions are DENIED.

IT IS SO ORDERED.