In re Randell P. **MASTERSON**, Debtor.

Randell P. **MASTERSON**, Plaintiff,

v.

**BERKELEY FEDERAL BANK & TRUST, FSB** and **Panther Properties, LLC.,** Defendants.

Bankruptcy No. 95–10559.
Adv. P. No. 95–1174.

United States Bankruptcy Court,
D. Rhode Island.

Dec. 14, 1995.

Patricia Antonelli, Partridge, Snow & Hahn, Providence, RI, for Berkeley Federal Bank & Trust, FSB.

Russell D. Raskin, Providence, RI, for Randall P. Masterson.

John Boyajian, Trustee, Providence, RI.

### MEMORANDUM OF DECISION

JAMES B. HAINES, Jr., Bankruptcy Judge.*

Before the court is Randell P. Masterson's complaint seeking a declaration that a certain post-petition foreclosure sale conducted by defendant Berkeley Federal Bank & Trust, FSB ("Berkeley"), is void as a violation of § 362's automatic stay.[1] For the reasons set forth below, I conclude that the sale is not void and that judgment shall enter for Berkeley.[2]

---

\* Of the District of Maine, sitting by designation.

1. Unless otherwise indicated, all references to statutory sections are to the Bankruptcy Reform Act of 1978 ("Bankruptcy Code" or "Code"), as amended, 11 U.S.C. § 101, *et seq.*

2. The material facts are undisputed and the parties have consented to the court's ruling on the

## BACKGROUND

Randell Masterson ("Masterson" or "debtor") filed a voluntary Chapter 7 petition on April 14, 1995. Berkeley filed a motion for relief from stay on June 5, 1995, seeking to pursue Rhode Island foreclosure remedies against two parcels of real estate (the "Cranston property" and the "Scituate property"). In the absence of objection, the motion was granted on June 20, 1995.

The debtor obtained new counsel on July 10, 1995, and on July 14 the court granted his motion to convert the case to Chapter 13. Shortly thereafter, counsel advised Berkeley of his view that upon conversion the automatic stay was renewed, and, therefore, that Berkeley's foreclosure activity could not lawfully continue.

Unpersuaded, Berkeley consummated foreclosure and sale of the Cranston property.[3] Masterson's Chapter 13 plan, now awaiting confirmation, depends on a determination that Berkeley's foreclosure and sale of the Cranston property is without legal effect.

## DISCUSSION

The automatic stay is designed to "freeze" the status quo at the outset of bankruptcy proceedings, by "precluding and nullifying" most postpetition judicial and extrajudicial actions and proceedings against the Debtor or affecting property in which the Debtor or the Debtor's estate has a legal, equitable or possessory interest. *ICC v. Holmes Transp., Inc., (In re Holmes Transp., Inc.)*, 931 F.2d 984, 987 (1st Cir. 1991). Generally speaking, actions taken in violation of the Code's automatic stay are void. *Id.*

By § 362(a)'s express terms, the *filing* of a petition triggers the automatic stay. The stay remains effective until "the entry of an order under Bankruptcy Code § 362(c)(2), granting or denying a discharge or closing or

---

record in its present state. This memorandum sets forth conclusions of law. *See* Fed. R.Bankr.P. 7052, Fed.R.Civ.P. 52.

3. The foreclosure sale was conducted on September 20, 1995, and closed on October 20, 1995.

dismissing the ... case, or *until* the *entry of an order granting relief from stay* pursuant to Bankruptcy Code § 362(d), (e), (f)." *Id.* (emphasis added).

Reasoning that, at least with respect to a conversion from Chapter 7 to Chapter 13, "issues of adequate protection may be very different," one court has held that conversion effects a second stay. In *In re Nichols*, 134 B.R. 236, 238–39 (Bankr.S.D.Ohio 1991).

*Nichols'* rationale is unpersuasive.[4] It has attracted no following. The prevailing view, as explained in *In re Parker*, 154 B.R. 240 (Bankr.S.D.Ohio 1993), is as follows:

> The issue of whether conversion from one chapter of the Bankruptcy Code to another chapter reimposes the automatic stay of § 362 has been carefully examined by the United States Court of Appeals for the Eleventh Circuit in the leading case of *British Aviation Insurance Company, Ltd. v. Menut (In re State Airlines, Inc.)*, 873 F.2d 264 (1989), and there is nothing to be gained by an extensive re-examination of the issue. In that case the Eleventh Circuit applied a straightforward analysis to the relevant statutes. The essence of *In re State Airlines* is that: 1) the *filing of a petition* in bankruptcy is the event which imposes an automatic stay under § 362 of the Bankruptcy Code; 2) Section 348 governs the "Effect of Conversion" and nothing in that section indicates that a *conversion order* is the equivalent of *filing a petition;* and 3) therefore, an order converting a case from one chapter of the Bankruptcy Code to another does not trigger the application of § 362. *Id.* at 269.

> Buttressing the Eleventh Circuit's plain meaning analysis of the Bankruptcy Code in regard to this issue is the negative inference drawn by the court from what does not appear in the statutes:

> If Congress had intended for a conversion to trigger the automatic stay of section 362 it could very easily have said so explicitly. Had section 362 been framed in terms of an order for relief, then we would have our answer. Similarly, we might reasonably have expected Congress to indicate in section 348 ("Effect of Conversion") that a conversion would have such a significant impact as reimposing the section 362(a) automatic stay. Instead, appellees ask that we perform lexigraphic gymnastics and effectively rewrite section 362. *Id.* at 268.

> Finding no contrary indication of Congressional intent, the court would "not assume that Congress meant anything other than what it said. The filing of a *petition* under section 301, 302, or 303 operates as a stay under section 362. A conversion under section 348 does not." *Id.*

*Id.* at 242 (collecting cases).

 I agree. "[O]nce the automatic stay is modified or lifted in a case, that final judgment is not automatically vacated or annulled by the subsequent conversion of the case to another chapter." *In re Standfield*, 152 B.R. 528, 540 (Bankr.N.D.Ill.1993).[5]

## CONCLUSION

For the reasons set forth above, Berkeley's foreclosure and sale of the Cranston property was not a violation of the automatic stay and, therefore, is not void. It necessarily follows that the debtor's Chapter 13 plan, which depends upon a determination that the sale was invalid, will not be confirmed.

A separate order consistent with this opinion shall be entered forthwith.

---

4. *Nichols'* result was tied largely to the debtor's sympathetic circumstances and the court's aim to work a fair result in the case before it. *See* 134 B.R. at 237. But, given the Code's clarity on the point, I cannot agree that fundamental characteristics of the automatic stay's operation are meant to be fact-driven propositions.

5. This is not to say that the debtor is without any potential remedy in such circumstances. In addition to the possibility that a meritorious and timely motion might obtain relief from the previously-entered relief from stay order, Fed. R.Bankr.P. 9023, 9024, the debtor might, by initiating an adversary proceeding, obtain help by way of injunction. *See* § 105(a); Fed.R.Bankr.P. 7001(7), 7065. *See In re Parker*, 154 B.R. at 242–43.