WALTER KROUSE, JOE MARK, MRS. R. H. SAVAGE, by her husband and her next friend, R. H. SAVAGE, and CHARLES E. BACHTOLD, v. JULIA M. PALMER, joined and by her husband and next friend, T. W. PALMER, et al.

179 So. 762.
Division B.
Opinion Filed February 14, 1938.
Rehearing Denied March 29, 1938.

*Stapp, Gourley, Ward & Ward, Rogers & Morris, Weissbuch & Silverman, Price, Price & Hancock* and *Redfearn & Ferrell,* for Appellants;

*Marion E. Sibley,* for Appellees.

PER CURIAM.—Appellee Julia M. Palmer, as complainant, brought a suit in equity for "her individual benefit and for the benefit of all other persons similarly situated," against named defendants composing bondholders protective committees and others to enforce a trust agreement, to appoint a receiver to wind up the trust, for accounting, and for other equitable relief.

Appellants moved to be permitted to intervene and be made parties defendant to the main suit. The Chancellor entered his decree stating that the "said parties shall henceforth stand as parties defendants to said cause pursuant to Section 9 of the 1931 Chancery Act." The intervenors were later in a second decree given permission to plead to the bill of complaint as they may be advised and accord-

ingly moved to vacate the order appointing the receivers and to dismiss the bill of complaint.

The motion to dismiss was granted but limited to the intervenors, the Chancellor's order reading in part as follows:

"* * * it appearing to the Court that said parties heretofore have been permitted to assert their rights in the subject matter of litigation by intervention, but said intervention was only permitted in subordination to and in recognition of the main proceeding, and said intervening defendants having now filed a motion to dismiss the main proceeding, the Court announced to Counsel for the respective parties that it construed the motion to dismiss the main proceedings as only a motion on the part of the said intervening Defendants to be dismissed as parties defendants to said cause, and further requested of counsel for the intervening defendants, in open court, whether it was desired of said defendants to be permitted to remain as parties defendant for the purpose of protecting their interest or right in the subject matter of the main proceeding in view of the court's construction of said motion to dismiss, and counsel for the intervening defendants having announced in open court that it was their desire to stand upon the motion to dismiss the main proceedings, and to vacate the order appointing receivers, * * *"

From said order, this appeal was prosecuted. The questions raised by Appellants grow out of the trial Court's interpretation of the effect of the motion to dismiss and whether or not the bill of complaint was sufficient as a class suit.

The scope and effect of the motion to intervene is controlled by Section 9 of the 1931 Chancery Act as follows:

"Anyone claiming an interest in the litigation may at any time be permitted to assert his rights by intervention, but the intervention shall be in subordination to, and in recog-

nition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."

The decree dated July 19, 1935, permitting the intervention limited the intervenors by the terms of Section 9 of the 1931 Chancery Act as quoted. This decree did not set a time for the intervenors to plead; a later decree gave them until the twenty-fifth day of August, 1935, to file such "motions, demurrers, and other pleadings to said bill of complaint as they may be advised." Appellants contend that this amendment opened the decree to intervene and authorized them to challenge the propriety of the main proceeding and move to dismiss the bill.

Section 9 of the 1931 Chancery Act limits the intervention "in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the Court in his discretion." We find nothing in either order affecting the intervention indicating affirmatively that the Court intended to extend its scope beyond the terms of the 1931 Chancery Act and his further order dismissing the bill as to Appellants would seem conclusive that he did not intend to do so.

The law is settled that an intervener is bound by the record made at the time he intervenes and must take the suit as he finds it. He cannot contest the plaintiff's claim against the defendant but is limited to an assertion of his right to the res. He cannot challenge sufficiency of the pleadings or the propriety of the procedure nor can he move to dismiss or delay the cause without permission of the Chancellor.

In view of the law as thus stated, the terms of the 1931 Chancery Act and the terms of the decree permitting the intervention, we do not think we would be authorized to reverse the decree of the Chancellor so it is affirmed.

Affirmed.

448

WHITFIELD, P. J., and BROWN, and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.