PER CURIAM.
Florida Gas Company appeals from a final declaratory judgment for the plaintiff below, The American Employers’ Insurance Company. It also assigns as error the entry of an order denying its motion to dismiss plaintiff’s complaint for declaratory decree.
The final judgment held “that the giving of notice by Tropical Construction Co. three years after the accident upon which Florida Gas Company bases its suit in Case No. 64L 3254 is not notice as soon as practicable, as a matter of law;” and relieved the insurance company of all duties and liabilities under its policies of insurance with Tropical Construction Corporation, its insured.
The insurance company [appellee] concedes that under ordinary circumstances this final judgment would be subject to reversal under the rule stated by the Supreme Court of Florida in Bergh v. Canadian Universal Insurance Company, 216 So.2d 436, 1968; to the effect that when only factual issues are involved they may not be determined by a declaratory judgment action. See also Burns v. Hartford Accident and Indemnity Company, Fla.App.1963, 157 So.2d 84.
Appellee says that notwithstanding this rule, the gas company was an intervenor in this litigation and is bound by Rule 1.230, Fla.R.Civ.P., 30 F.S.A., which states:
“Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety *198 of the main proceeding, unless otherwise ordered by the court in its discretion.” (Emphasis added)
Under this rule and the cases which have construed it, the insurance company argues that the gas company [intervenor] cannot challenge the propriety of the main proceedings or the sufficiency of its pleadings. This appears to be the rule in Florida. See United States v. State of Florida, Fla.App.1965, 179 So.2d 890; Singletary v. Mann, Fla.1946, 157 Fla. 37, 24 So.2d 718, 166 A.L.R. 904; Krouse v. Palmer, 131 Fla. 444, 179 So. 762 (1938).
The Supreme Court of Florida in construing a 1931 chancery act which contained the same provision as Rule 1.230, said in Krouse, supra:
“The law is settled that an intervenor is bound by the record made at the time he intervenes and must take the suit as he finds it. He cannot contest the plaintiff’s claim against the defendant, but is limited to an assertion of his right to the res. He cannot challenge sufficiency of the pleadings or the propriety of the procedure, nor can he move to dismiss or delay the cause without permission of the chancellor.” (Emphasis supplied)
The gas company argues that it has a right to challenge the “jurisdiction” of a court at any time. It relies on federal decisions for this authority. However, the corresponding federal intervention rule omits the requirement in the state rule that intervention must be in subordination to and in recognition of the propriety of the main proceeding. Fed.R.Civ.P. 24. In addition, the question involved herein does not actually go to jurisdiction over the subject matter of the person but is directed to the failure of the plaintiff’s complaint to state a cause of action.
For • these reasons the final decree is, therefore,
Affirmed.