511 So.2d 425 (1987)
BRITISH AVIATION INSURANCE COMPANY LTD., Michael Valerie Spratt and Charles David Dalrymple Gilmour, As Designated Agents for and On Behalf of Certain Underwriters at Lloyds of London, Appellants,
v.
Susan MENUT and Paul G. Quinn, et al., Appellees.
Nos. 85-1064, 85-1065.
District Court of Appeal of Florida, Fourth District.
August 12, 1987.
Rehearing Denied September 8, 1987.
Thomas J. Whalen and Timothy J. Lynes of Condon & Forsyth, Washington, D.C., and Diane H. Tutt and James E. Tribble of Blackwell, Walker, Fascell & Hoehl, Miami, for appellants.
*426 Sharon L. Wolfe of Cooper, Wolfe & Bolotin, P.A., and Albert A. Gordon, P.A., Miami, for appellees Menut and Quinn.
DELL, Judge.
British Aviation Insurance Company Ltd., et al. (British Aviation) appeals from the entry of separate final judgments in favor of appellees and from an order denying its petition to intervene and to stay the entry of the final judgments and for an evidentiary hearing.
We have fully detailed the facts giving rise to this appeal in a related case in which we are releasing the opinion simultaneously with the issuance of this opinion. See State Airlines v. Menut, 511 So.2d 421, (Fla. 4th DCA 1987).
Briefly summarized, British Aviation insured State Airlines, Inc. Appellees sued State Airlines for personal injuries sustained in an airplane crash. State Airlines forwarded the complaint to British Aviation with a request to defend. British Aviation refused to defend. Thereafter, appellees amended their complaint to add an additional count. The amended complaint was forwarded to British Aviation with a renewed request to defend. British Aviation again refused to defend.
British Aviation claims that the amended count was intended to bring appellees' claim within its coverage and that appellees filed the amended complaint pursuant to an agreement with State Airlines that permitted the filing of the amended complaint, the entry of a default, and the determination of damages by arbitration predicated upon the understanding that appellees would seek recovery only against State Airlines' insurance carrier (British Aviation). After the arbitration panel awarded appellees a total of $1,700,000 in damages and appellees moved for final judgment based on the award, British Aviation petitioned to intervene and to stay entry of the final judgment. They claimed that the entry of the final judgment should be stayed because of State Airlines' pending bankruptcy proceeding in the federal court and also claimed that they should be allowed to intervene because they insured State Airlines, Inc. and that upon entry of final judgment, appellees would make demand upon them for satisfaction of the judgments. The trial court denied British Aviations' petitions to intervene, to stay the entry of the final judgment and for an evidentiary hearing on their petition.
British Aviation contends that the trial court erred when it denied its petition to intervene and that it has standing to appeal the final judgments entered against its insured because the judgments were the result of fraud and collusion and therefore subject to attack by direct appeal. British Aviation also contends that its policy did not provide coverage for appellees' claims under either the original complaint or the amended complaint and argues that the default and judgments entered thereon should not have been entered because of the pending bankruptcy proceeding. They also contend that the trustee in bankruptcy should have been joined as a party.
Rule 1.230, Florida Rules of Civil Procedure provides:
Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be subordinate to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.
British Aviation's petition for intervention demonstrates that it has a sufficient interest in this litigation and that the trial court should have granted its petition to intervene. See Citibank, N.A. v. Blackhawk Heating & Plumbing Company, 398 So.2d 984 (Fla. 4th DCA 1981) and U.S. Fire Insurance Company v. Ted Satter Enterprises, 447 So.2d 1032 (Fla. 4th DCA 1984).
We find no error in the trial court's denial of British Aviation's motion for an evidentiary hearing on the issue of fraud and collusion and by its refusal to stay the entry of the final judgment.
The Supreme Court of Florida in construing a 1931 chancery act which contained the same provision as Rule 1.230, said in Krouse, supra:

*427 "The law is settled that an intervenor is bound by the record made at the time he intervenes and must take the suit as he finds it. He cannot contest the plaintiff's claim against the defendant, but is limited to an assertion of his right to the res. He cannot challenge sufficiency of the pleadings or the propriety of the procedure, nor can he move to dismiss or delay the cause without permission of the chancellor."
Florida Gas Company v. American Employers' Insurance Company, 218 So.2d 197, 198 (Fla. 3d DCA 1969).
While we have held that the trial court should have exercised its discretion in favor of allowing intervention of British Aviation, we do not find an abuse of discretion or error by the trial court when it denied British Aviation's petition to stay entry of the final judgment. By the time British Aviation petitioned to intervene, a default had been entered against its insured and the arbitration proceeding had determined the amount of damages. The trial court responded to British Aviation's allegation that the entry of judgment should be stayed because of the stay provisions of the bankruptcy law by directing the parties to obtain an order from the bankruptcy court clarifying status of the automatic stay order. The bankruptcy court answered with an order that informed the trial court that its order permitting appellees to proceed to judgment remained effective. Without expressing an opinion as to the merits of the claims of fraud and misrepresentation and collusion, we note that the essential allegations of the affidavit presented to the trial court in support of these claims were based upon the information and belief of the affiant. The affidavit did not furnish a sufficient evidentiary basis to establish fraud or to be probative of the substantive truth of the facts stated. See Hahn v. Frederick, 66 So.2d 823, 825 (Fla. 1953); Montejo Investments, N.V. v. Green Companies, Inc. of Florida, 471 So.2d 158 (Fla. 3d DCA 1985). Therefore we hold that the trial court did not err when it denied British Aviation's petition to stay the entry of the final judgments in favor of appellees without conducting an evidentiary hearing.
Accordingly, we reverse the trial court's order denying British Aviation's petition to intervene. We affirm the order denying British Aviation's petition to stay the final judgments in favor of appellees and we affirm the entry of those judgments.
AFFIRMED IN PART; REVERSED IN PART.
WALDEN and GUNTHER, JJ., concur.