**In re STATE AIRLINES, INC., Debtor.**

**BRITISH AVIATION INSURANCE COMPANY, LTD., and Michael Valerie Spratt and Charles David Dalrymple Gilmore, as designated agents for and on behalf of Underwriters at Lloyds of London, Plaintiffs–Appellees,**

v.

**Susan MENUT, Paul G. Quinn, Defendants–Appellants.**

No. 88–5564.

United States Court of Appeals, Eleventh Circuit.

May 17, 1989.

As Amended July 31, 1989.

---

**3.** There is no basis to the contention that the bankruptcy judge should be recused.

Sharon L. Wolfe, Cooper, Wolfe & Bolotin, P.A., Miami, Fla., for defendants-appellants.

Diane H. Tutt, Fort Lauderdale, Fla., Thomas J. Whalen, Condon & Forsyth, Washington, D.C., for plaintiffs-appellees.

Before KRAVITCH and HATCHETT, Circuit Judges, and MARKEY *, Chief Circuit Judge.

KRAVITCH, Circuit Judge:

In this appeal we conclude that a conversion from Chapter 11 to Chapter 7 does not reimpose the automatic stay of 11 U.S.C. § 362(a).

## I.

### Procedural Background

In October of 1982 appellants were injured in a plane crash. Although State Airlines did not own the aircraft involved in the crash, appellant Menut brought suit in Florida's Broward County Circuit Court against State Airlines one month after the accident, alleging that State Airlines had control of the aircraft and that it was negligent in entrusting the aircraft to the pilot, who was a State Airlines employee.

State Airlines petitioned for bankruptcy under Chapter 11 of the Bankruptcy Code on February 15, 1983. The filing of this petition triggered the automatic stay of section 362(a). The next day appellant Quinn filed suit against State Airlines in Broward County Circuit Court.[1] Quinn's suit was essentially the same as Menut's.

Appellee British Aviation Insurance Company ("BAIC") insured State Airlines. BAIC, however, concluded that its coverage of State Airlines did not include the aircraft involved in the accident that gave rise to appellants' claims. On May 19, 1983 BAIC filed its declaratory judgment action in the district court, naming State Airlines, debtor-in-possession, and appellants as defendants. Subsequently, BAIC sought and received relief from the automatic stay to pursue its declaratory judgment action.

---

* Honorable Howard T. Markey, Chief U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Because this appeal involves the effect of the § 362(a) automatic stay, we note out of scrupulous regard for detail that even the initiation of a lawsuit against the debtor is prohibited by the automatic stay. Quinn should have sought the permission of the bankruptcy court before commencing his action against the debtor. Such an omission, however, does not effect our determination at this point in the proceedings.

BAIC also refused to defend State Airlines against the suits brought by Menut and Quinn in Broward County Circuit Court.

In June of 1983 appellants sought and received relief from the section 362(a) automatic stay. The bankruptcy court modified the automatic stay to permit the suits against State Airlines to proceed to final judgment, but the bankruptcy court's order, with the full consent of State Airlines, specifically ruled that "[a]ny recovery resulting from a Judgment against State Airlines, Inc. shall be limited to insurance proceeds, if any." [2]

In November of 1983 appellant Quinn amended his complaint in the Broward County action to add an additional count in which he sought to allege facts that would bring his claim within the scope of BAIC's insurance coverage of State Airlines. In December of 1983 appellant Menut amended her complaint in a similar fashion. BAIC was advised of the amended complaints, but reaffirmed its prior denial of liability and refusal to defend.

On April 10, 1984 the bankruptcy court entered an order converting State Airline's bankruptcy from Chapter 11 to Chapter 7. A trustee was appointed under Chapter 7. This conversion occurred before judgment had been entered in either of the Broward County actions or in BAIC's declaratory judgment action.

State Airlines defaulted in the Broward County Actions, and on May 23, 1984 the Broward County Circuit Court entered an order of default in favor of appellants. State Airline's counsel, apparently without the knowledge or consent of the trustee in bankruptcy, agreed to arbitrate the issue of damages.[3] State Airlines did not participate in the arbitration, and the arbitrators awarded Quinn and Menut $776,000 and $945,000 respectively.

Only now did BAIC take action. BAIC moved to intervene in the Broward County Circuit Court and to stay entry of final judgment. BAIC argued in part that the conversion of State Airlines's bankruptcy from Chapter 11 to Chapter 7 reimposed the automatic stay of section 362(a), thus rendering the default judgment and damage award void because the bankruptcy court had not granted any relief from the "reimposed" automatic stay.

The Broward County Circuit Court suggested that the parties seek a clarification from the bankruptcy court as to the effect of the conversion from Chapter 11 to Chapter 7. Before the bankruptcy court could rule, however, the district court ruled on February 13, 1985 that the conversion from Chapter 11 to Chapter 7 had triggered the automatic stay of section 362(a). The district court concluded that the automatic stay triggered by the conversion had stayed BAIC's declaratory judgment action, and that BAIC must seek relief from the stay in the bankruptcy court. Menut and Quinn attempted to appeal this ruling, but because they did not appeal from the proper order we dismissed their appeal for lack of jurisdiction. 822 F.2d 1029 (1987).

In the meantime the bankruptcy court, in what is perhaps the most troubling episode in this byzantine tale, ruled on March 29, 1985 that the conversion from Chapter 11 to Chapter 7 did *not* trigger the section 362(a) automatic stay, despite the district court's express prior ruling to the contrary. BAIC appealed this ruling to the district court on April 10, 1985. While BAIC's appeal

---

2. We first recognized this type of agreement in *Coblentz v. American Surety Co.*, 416 F.2d 1059 (5th Cir.1969), which is valid under Florida law. See *Quintana v. Barad*, 528 So.2d 1300 (Fla. 3d Dist.Ct.App.1988); *Shook v. Allstate Ins. Co.*, 498 So.2d 498 (Fla. 4th Dist.Ct.App.1986), *review denied*, 508 So.2d 13 (Fla.1987); *Florida Ins. Guaranty Ass'n v. Giordano*, 485 So.2d 453 (Fla. 3d Dist.Ct.App.1986); *Steil v. Florida Physicians' Ins. Reciprocal*, 448 So.2d 589 (Fla. 2d Dist.Ct. App.1984). As *Quintana* points out, "[s]ubsequent to entry of the agreement, the injured party must bring an action against the insurer and prove coverage, wrongful refusal to defend, and that the settlement was reasonable and made in good faith. See *Shook; Steil.*"

3. BAIC has cited several other instances where State Airlines's counsel appears to have acted improperly. The alleged impropriety, perhaps relevant in attacking the validity of the default judgments entered in the Florida courts, plays no part in our deciding the narrow legal issue raised in this appeal.

from the bankruptcy court's order was pending the Broward County Circuit Court denied BAIC's motion to intervene and entered judgment in favor of Menut and Quinn. BAIC and the trustee also appealed the Broward County Circuit Court's denial of the motion to intervene and the entry of the default judgment. The District Court of Appeal of Florida dismissed the trustee's appeal of the denial of its motion to stay, *State Airlines v. Menut,* 511 So.2d 421 (Fla.Dist. Ct.App.1987), reversed the district court's denial of BAIC's motion to intervene, *British Aviation Insurance Co. v. Menut,* 511 So.2d 425 (Fla.Dist.Ct.App.1987), but affirmed the entry of default judgment, *id.*

On May 9, 1988, 85 B.R. 884, the district court now faced the problem of deciding BAIC's appeal from the bankruptcy court's ruling that a conversion from Chapter 11 to Chapter 7 did *not* trigger section 362(a) and its automatic stay. The district court concluded, as it had earlier, that the conversion did indeed reimpose the section 362(a) automatic stay. The district court then held that actions taken after the conversion and reimposition of the automatic stay, including the entry of default judgments in the Broward County actions were void.[4] Menut and Quinn now appeal the district court's order ruling that the judgments rendered in the Broward County actions are void.

## II.

The sole issue in this appeal is whether a conversion from Chapter 11 to

**4.** *See Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982).

**5.** This appeal raises a very narrow legal issue for us to decide, but raises other, perhaps more disturbing, concerns as well. We find it troubling that one month after the district court had ruled that a conversion from Chapter 11 to Chapter 7 reimposes the section 362(a) automatic stay the bankruptcy court issued a contrary ruling. We also find it troubling that because of this confusion within the federal courts, we are now asked to declare state court judgments void, an action we hesitate to take because of comity for our sister courts and concern for

Chapter 7 triggers the automatic stay of section 362(a).[5] This is a question of law, and our review is plenary.

## A.

We begin with the statute itself. Section 362 provides in relevant part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ...

11 U.S.C.A. § 362 (West Supp.1988). Under section 362(a) the "petition filed under section 301, 302, or 303" operates as the stay.

The district court essentially concluded that, for the purposes of section 362, a conversion from Chapter 11 to Chapter 7 is the same thing as "a petition filed under section 301, 302, or 303." The district court reasoned as follows. Section 301 states that the filing of a petition commences the case, and that the commencement of a case in turn "constitutes an order for relief."[6] Similarly, section 348 declares that a conversion from one chapter to another "constitutes an order for relief under the chapter to which the case

principles for federalism. We hope that in the future parties to actions such as this will work together with the federal and state courts to avoid such unnecessary friction.

**6.** Section 301 provides as follows:

A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C.A. § 301 (1979).

is converted."[7] Therefore, a conversion, which is an "order for relief," has the same affect under section 362 as the filing of a petition, because that too is an "order for relief."

Although we acknowledge that the district court's reasoning has a certain symmetry, we believe that it does violence to the language of the relevant Code provisions. We recognize that the reimposition of the automatic stay upon the conversion of a case from Chapter 11 to Chapter 7 may give the trustee an undisturbed opportunity to evaluate the condition of the debtor; nevertheless, we conclude that the Bankruptcy Code does not authorize such a ruling.

## B.

If Congress had intended for a conversion to trigger the automatic stay of section 362 it could very easily have said so explicitly. Had section 362 been framed in terms of an order for relief, then we would have our answer. Similarly, we might reasonably have expected Congress to indicate in section 348 ("Effect of conversion") that a conversion would have such a significant impact as reimposing the section 362(a) automatic stay. Instead, appellees ask that we perform lexigraphic gymnastics and effectively rewrite section 362. Congress considered the automatic stay provision one of the most important in the Bankruptcy Code.[8] Absent any indication of Congressional intent, we will not assume that Congress meant anything other than what it said.[9] The filing of a *petition* under section 301, 302, or 303 operates as a stay under section 362. A conversion under section 348 does not.

The Bankruptcy Code consistently maintains as separate concepts the petition, the commencement of a case, and an order for relief under a given chapter. For example, section 348(a) makes clear that a conversion constitutes an order for relief under the chapter to which the case has been converted, but it "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." Because the Bankruptcy Code uses the date of the petition, commencement of the case, and order for relief as milestones to make certain determinations, such a "backdating" provision is necessary.[10]

Conversely, Congress has identified certain instances where milestones should be moved forward to the date of the conversion. Thus, section 348(b) details those sections of the Code—subject to a contrary order for cause by the court—in which the conversion order should have the same effect as an order for relief. Similarly, section 348(c) provides that the notice provision of section 342 are triggered by the conversion order just as they were initially triggered by the order for relief under the chapter in which the case was commenced. Section 348(c) also directs that the conversion order triggers the provisions of section

---

7. At this point we need only focus on one portion of this section:

> (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C.A. § 348 (1979).

8. "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws." H.Rep. No. 95–595, 95th Cong., 2d Sess. 340, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, at 6296; S.Rep. No. 95–989, 95th Cong., 2d Sess. 54, *reprinted in* 1978 U.S.Code Cong. & Admin.News at 5840.

9. To the extent we can glean anything from the legislative history of section 362, it suggests, albeit cryptically, that the petition triggers § 362 because it commences the case under Title 11, not because it constitutes an order for relief under a given chapter. *E.g.,* H.Rep. No. 95–595, 95th Cong., 2d Sess. 340, *reprinted in* 1978 U.S.Code Cong. & Admin.News at 6297 ("Subsection (a) defines the scope of the automatic stay, by listing the acts that are stayed by the commencement of the case.").

10. This is also the effect of Bankruptcy Rule 1019, which clarifies that the conversion does not undo everything that happened before. This rule, however, does not go to the more substantive question of whether the conversion triggers a *new* automatic stay.

365(d) relating to the time period in which the trustee may assume or reject certain executory contracts, just as the initial order for relief had done.[11]

We also observe that almost every provision that details the effect of a conversion does so with respect to the order for relief. The only provision that does address the petition, section 348(a), expressly states that the date of the petition remains *unchanged.* We believe that it would be dangerous and unwarranted for us to substitute freely terms that Congress used deliberately.

Appellees rely heavily on *F & M Marquette National Bank v. Richards,* 780 F.2d 24 (8th Cir.1985). Yet *F & M Marquette* shows the very weakness of appellees' position. The provision involved in *F & M Marquette,* section 341(a), links the meeting of creditors to the date of the order for relief. Because section 348(a) states that a conversion constitutes an order for relief, the court quite reasonably found that "order for relief" means "order for relief" and thus a new meeting of creditors is called for under section 341. That in turn leads to a new time period for filing dischargeability complaints, because Bankruptcy Rule 4007(c) does not tie that time period to the order for relief or petition, but instead ties it to the meeting of creditors. Here appellees ask us to hold that petition does not mean what it says. Not only is *F & M Marquette* inapposite, but it highlights the linguistic contortions inherent in appellees' position.

Although a petition commences a case, and the commencement of a case constitutes an order for relief, we cannot say, as a matter of law or of logic, that an order for relief is the same thing as a petition. Each element—petition, commencement of a case, and order for relief under a given chapter—plays its own role in the complex scheme of the Bankruptcy Code. We conclude that section 362 means what it says. The filing of a petition operates as an auto-

matic stay. A conversion order is not the filing of a petition. A conversion order does not trigger section 362.[12]

REVERSED.

---

11. Under § 348(c), however, the court has no authority to change the effect of the conversion order on §§ 342 and 365(d).

12. Because it is not before us we do not address whether a trustee newly appointed to a case converted from Chapter 11 to Chapter 7 can seek to have the § 362 automatic stay reimposed.