STATE TRUST REALTY,
LLC, Appellant,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS, as Trustee for the holders of the Dover Mortgage Capital Corporation, Grantor Trust Certificate Series 2004–A, Tamaim J. Mills a/k/a Tamaim Mills, Mark D. Mills, Regions Bank d/b/a AmSouth Bank, and Eagle Trace Community Association, Inc., Appellees.

No. 4D15–1667.

District Court of Appeal of Florida,
Fourth District.

Oct. 13, 2016.

Todd L. Wallen of Wallen Hernandez Lee Martinez, LLP, Coral Gables, and Erik D. Wesoloski of Wesoloski Carlson, P.A., Miami, for appellant.

Adam M. Topel of Liebler Gonzalez & Portuondo, Miami, for appellee Deutsche Bank National Trust Company Americas, as Trustee for the Holders of the Dover Mortgage Capital Corporation, Grantor Trust Certificate Series 2004–A.

ARTAU, EDWARD L., Associate Judge.

State Trust Realty, LLC ("State Trust") appeals the trial court's entry of final judgment of foreclosure in favor of Deutsche Bank National Trust Company as Trustee ("Deutsche National") following a bench trial. We affirm the final judgment for the reasons discussed below, and reverse and remand for the trial court to correct the plaintiff name on the final judgment.

*Background*

On November 9, 2009, Deutsche National filed a one count foreclosure complaint against the homeowners, alleging therein that it was the holder of the note. Deutsche National also filed a notice of lis pendens the same day it filed the complaint, and the notice of lis pendens was recorded on November 23, 2009. The

homeowners did not respond to the complaint and, as a result, a clerk's default was entered against them in December 2009. The homeowners never moved to set aside the default order.

Two years after the filing of its complaint, Deutsche National moved to correct the plaintiff name to Deutsche Bank Trust Company Americas, as Trustee for the Holders of the Dover Mortgage Capital Corporation, Grantor Trust Certificate Series 2004–A ("Deutsche Americas"), after its counsel accidentally initiated the foreclosure action in the wrong party name. The trial court granted the motion and corrected the plaintiff name, *nunc pro tunc*, however the case caption was never changed to reflect this correction and the parties continued to refer to the plaintiff bank as Deutsche National.

In 2012, the homeowners association, which was already joined as a subordinate lien holder in Deutsche Americas' foreclosure action, initiated its own junior foreclosure action against the homeowners for unpaid assessments. The homeowners association was successful in its action and, after placing the highest bid at the foreclosure sale, obtained legal title to the subject property. The homeowners association then quitclaimed the property to State Trust, who in turn moved to intervene in Deutsche Americas' foreclosure action as a third-party bidder. After the trial court granted the motion, State Trust filed an answer to Deutsche Americas' complaint and raised several affirmative defenses, including lack of standing. Following a bench trial, the trial court entered final judgment of foreclosure in favor of Deutsche National, the originally listed plaintiff. This appeal follows.

*Analysis*

"When reviewing a judgment rendered after a nonjury trial, the trial court's findings of fact come to the appellate court with a presumption of correct-

ness and will not be disturbed unless they are clearly erroneous." *Stone v. BankUnited,* 115 So.3d 411, 412 (Fla. 2d DCA 2013) (citing *Taylor v. Richards,* 971 So.2d 127, 129 (Fla. 4th DCA 2007)). With regard to the issue of standing, however, "'[w]e review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo.*'" *Sosa v. U.S. Bank Nat'l Ass'n,* 153 So.3d 950, 951 (Fla. 4th DCA 2014) (quoting *Lacombe v. Deutsche Bank Nat'l Tr. Co.,* 149 So.3d 152, 153 (Fla. 1st DCA 2014)).

*a) Standing*

State Trust first argues that reversal is required in this case because Deutsche Americas failed to establish its standing to foreclose. Deutsche Americas counters that State Trust had no ability to challenge the issue of standing as the only remaining issue at the time it intervened in the foreclosure action was damages. We agree with Deutsche Americas and hold that State Trust, as a third-party purchaser who obtained title to property that was subject to a notice of lis pendens, had no right to challenge the issue of standing for the following three reasons.

First, State Trust, as a late third-party intervener, was bound by the record made at the time it intervened. Florida's Intervention rule provides that: "[a]nyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." Fla. R. Civ. P. 1.230. This rule has consistently been interpreted to mean that:

[A]n intervener is bound by the record made at the time he intervenes and *must take the suit as he finds it.* He cannot contest the plaintiff's claim

against the defendant, but is limited to an assertion of his right to the res. *He cannot challenge sufficiency of the pleadings or the propriety of the procedure,* nor can he move to dismiss or delay the cause without permission of the chancellor.

*Krouse v. Palmer,* 131 Fla. 444, 179 So. 762, 763 (1938) (emphasis added). *See British Aviation Ins. Co. Ltd. v. Menut,* 511 So.2d 425, 426–27 (Fla. 4th DCA 1987) (citing rule 1.230 in holding that the trial court did not abuse its discretion in denying the intervener's petition to stay entry of a final judgment which ensued after default had been entered against the original defendant); *Fla. Gas Co. v. Am. Emp'rs' Ins. Co.,* 218 So.2d 197, 197–98 (Fla. 3d DCA 1969) (citing rule 1.230 and *Krouse* in holding that the intervener could not challenge the propriety of the main proceedings or the sufficiency of the plaintiff's pleadings); *see also Arsali v. Chase Home Fin., LLC,* 79 So.3d 845, 847 n. 1 (Fla. 4th DCA 2012) (recognizing the validity of the supreme court's interpretation of rule 1.230 in *Krouse* ).

■ Here, at the time State Trust moved to intervene in the foreclosure action, a clerk's default had already been entered against the original homeowner defendants for failing to file any responsive pleading or motion. This default operated " 'as an admission of the truth of the well pleaded allegations of the pleading, except those concerning damages.' " *Mullne v. Sea–Tech Constr. Inc.,* 84 So.3d 1247, 1249 (Fla. 4th DCA 2012) (emphasis removed) (quoting *Bd. of Regents v. Stinson–Head, Inc.,* 504 So.2d 1374, 1375 (Fla. 4th DCA 1987)). The original complaint, in turn, specifically alleged that Deutsche National, and Deutsche Americas by way of the order *nunc pro tunc* correcting the plaintiff name, was the holder of the note. By virtue of the clerk's default, therefore, the only remaining issue in the case at the time State Trust intervened was damages.

*See id.; see also Rangel v. MidFirst Bank,* 187 So.3d 289, 291 (Fla. 4th DCA 2016) (noting that a default judgment in a foreclosure action "only serve[s] to admit liability and not damages").

■ Second, by virtue of acquiring its interest in the subject property after the lis pendens was recorded, State Trust stood in the position of the original defendants when it intervened in the foreclosure action. As the court in *Whitburn, LLC v. Wells Fargo Bank, N.A.* recently reiterated:

Lis pendens literally means a pending lawsuit, and is defined as the jurisdiction, power, or control that courts acquire over property involved in a pending suit. The notice, typically recorded in the chain of title was, at common law, intended to warn all persons that a certain piece of property was the subject of litigation, and that any interests acquired during the pendency of the suit were subject to its outcome. The term developed from a common law doctrine that the result of pending litigation affecting property superseded transactions concerning the property before termination of the litigation.

The purpose of a common law notice of lis pendens was to notify third parties that whoever subsequently acquires an interest in the property *will stand in the same position as the current owner/vendor,* and take the property subject to whatever valid judgment may be rendered in the litigation.

190 So.3d 1087, 1090 (Fla. 2d DCA 2015) (emphasis added) (internal quotation marks and citations omitted) (quoting *Adhin v. First Horizon Home Loans,* 44 So.3d 1245, 1251 (Fla. 5th DCA 2010)).

■ It follows logically, therefore, that if the purpose of a lis pendens is "to notify third parties 'that whoever subsequently acquires an interest in the property will

stand in the same position as the *current owner*,'" a third party who acquires such an interest and intervenes in the foreclosure action will equally stand in the same position as the owner of the property at the time the lis pendens was filed and recorded. *See id.* (emphasis added). By acquiring the subject property with notice of the lis pendens, State Trust stood in the position of the defaulted homeowners when it intervened in the foreclosure action. Therefore, as the homeowners could not have challenged the issue of standing because of the default, neither could State Trust.

Third, it was within the trial court's sound discretion to not allow an intervening third-party purchaser to challenge standing who obtained legal title to property after a lis pendens had been recorded and a default had been entered in a pending foreclosure case. If we were to disturb the trial court's discretion under these circumstances, we would be rendering the rules of civil procedure meaningless. *See* Fla. R. Civ. P. 1.140(b) (providing that any defense in law or fact, except for lack of subject matter jurisdiction, must be asserted in a responsive pleading or motion, and that failure to do so results in waiver of that defense); Fla. R. Civ. P. 1.500(a)–(b) (providing for application and entry of default for failure to file or serve any paper in an action).

*b) Incorrect Party Name*

■ Lastly, State Trust argues that the trial court erred in entering final judgment of foreclosure in favor of a nonparty, namely Deutsche National. Deutsche Americas acknowledges that the final judgment was entered in favor of the incorrect plaintiff name, however maintains that the error was merely an oversight as the trial court was fully aware that Deutsche Americas, and not Deutsche National, was the correct plaintiff at the time of trial and had already granted the mo-

tion to correct the plaintiff name, *nunc pro tunc.* We agree with Deutsche Americas, and reverse and remand for the trial court to correct the plaintiff name on the final judgment.

*Affirmed in part, reversed and remanded in part with instructions.*

WARNER and MAY, JJ., concur.