Per Curiam.
These appeals, which we consolidate for purposes of this opinion, arise from separate foreclosure proceedings involving the same condominium unit. The circumstances giving rise to these cases are convoluted and unique, so nothing will be served by a lengthy opinion. Accordingly, we will limit our discussion to a brief overview of the most salient facts and a summary disposition of the issues raised by the appellants.
In August 2012, HSBC Bank filed a complaint in the circuit court to foreclose its $770,000 mortgage on a condominium unit and contemporaneously recorded a notice of lis pendens in the public record. In January 2014, while the mortgage foreclosure case was still pending, the condominium association filed a complaint in the county court to foreclose a December 2013 lien on the unit for unpaid assessments. A default judgment was entered by the county court, and Horizon Specialty Consulting LLC purchased the unit for $12,100 at the subsequent foreclosure sale.
Thereafter, Horizon filed a motion to intervene in the mortgage foreclosure case and Bank of America[1] filed a motion to set aside the judgment and sale in the lien foreclosure case. The circuit court granted Horizon's motion to intervene and, thereafter, the lien foreclosure case was transferred to the circuit court and consolidated with the mortgage foreclosure case. Horizon opposed Bank of America's motion to *407 set aside the judgment and sale in the lien foreclosure case and it also filed a motion to dismiss the mortgage foreclosure case and a motion to dissolve the lis pendens.
In March 2016, the circuit court entered an order that (1) denied Bank of America's motion to set aside the judgment and sale in the lien foreclosure case, (2) granted Horizon's motion to dismiss the foreclosure case, and (3) dissolved the lis pendens. The court concluded in the order that the mortgage foreclosure complaint failed to state a claim-and, thus, the corresponding lis pendens was "fatally defective" and did not bar the association's lien foreclosure action-because the complaint named Gilchrist, rather than Bank of America, as the owner of the condominium unit.
Bank of America and HSBC Bank separately appealed the circuit court's order to this court.
In Bank of America's appeal (case number 1D16-1079), we agree with Horizon that the circuit court did not abuse its discretion in denying Bank of America's motion to set aside the judgment and sale in the lien foreclosure case. See Jallali v. Knightsbridge Village Homeowners Ass'n , 211 So.3d 216, 217 (Fla. 4th DCA 2017) (holding that "the filing of a notice of lis pendens by a first mortgagee does not bar the foreclosure of an association's subsequent lien for unpaid assessments against the owner, although that action is inferior to the foreclosure of the first mortgage, where the association's subsequent lien was imposed under the association's declaration of covenants recorded before the first mortgagee recorded its notice of lis pendens"), review denied , 2017 WL 2559143 (Fla. Jun. 13, 2017) ; § 718.116(5)(a), Fla. Stat. (stating that a condominium association's lien for unpaid assessments "shall relate back to the recording of the original declaration of condominium"). Accordingly, we affirm the portion of the order challenged by Bank of America.
In HSBC Bank's appeal (case number 1D16-1093), we reject Horizon's argument that the lis pendens was legally deficient and we agree with HSBC Bank that the circuit court erred in granting Horizon's motion to intervene in the foreclosure case because "[i]t is well established that a purchaser of property that is the subject of a pending foreclosure action is not entitled to intervene in the foreclosure action where a notice of lis pendens has been recorded." Tikhomirov v. Bank of New York Mellon , 223 So.3d 1112 (Fla. 3d DCA 2017) (citing Andresix Corp. v. People's Downtown Nat'l Bank , 419 So.2d 1107 (Fla. 3d DCA 1982) ); see also Intermediary Fin. Corp. v. McKay , 93 Fla. 101, 111 So. 531 (1927) ("This court is committed to the doctrine that a purchaser pendente lite is not entitled to intervene"); Peninsular Naval Stores Co. v. Cox , 57 Fla. 505, 49 So. 191 (1909) ; Whitburn, LLC v. Wells Fargo Bank, N.A ., 190 So.3d 1087 (Fla. 2d DCA 2015) ; De Sousa v. JP Morgan Chase, N.A. , 170 So.3d 928 (Fla. 4th DCA 2015) ; Timucuan Props., Inc. v. Bank of New York Mellon , 135 So.3d 524 (Fla. 5th DCA 2014). Additionally, because Horizon was not a proper party to the mortgage foreclosure case, the trial court erred in granting its motions to dismiss the case and to dissolve the lis pendens. Accordingly, we reverse the portions of the order challenged by HSBC Bank and remand for further proceedings in the mortgage foreclosure case.
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.
Lewis and Wetherell, JJ., concur; Winsor, J., concurs in part and dissents in part.

Bank of America was the loan servicer for HSBC Bank and it was alleged in the county court case to be the owner of the condominium unit by virtue of a special warranty deed executed by the original mortgagor, Joseph Gilchrist, in July 2011. The deed, which was purportedly executed pursuant to Gilchrist's bankruptcy plan, stated that it "is given in lieu of foreclosure but not in satisfaction of [HSBC Bank's] mortgage" and that it was the intent of the parties to the deed that "title to the property should not be merged with the lien of the aforesaid mortgage."