NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THE BANK OF NEW YORK MELLON f/k/a      )
The Bank of New York as Trustee for The  )
Certificateholders CWALT, Inc., Alternative )
Loan Trust 2006-18CB, Mortgage Pass-     )
Through Certificates, Series 2006-18CB,   )
                                          )
      Appellant,                          )
                                          )
v.                                        )     Case No. 2D17-3291
                                          )
HOA RESCUE FUND, LLC, as Trustee         )
under the 12122 Fox Bloom Avenue Trust   )
Dated 2/21/2012; HENRY BARAHONA;         )
YANIRA LAGOS; SOUTH BAY LAKES            )
HOMEOWNERS ASSOCIATION, INC.; and        )
BANK OF AMERICA, N.A.,                    )
                                          )
      Appellees.                          )
_____ )

Opinion filed June 8, 2018.

Appeal from the Circuit Court for
Hillsborough County; Perry A. Little and
Wayne Timmerman, Senior Judges.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of Akerman
LLP, Fort Lauderdale; and Eric M. Levine of
Akerman LLP, West Palm Beach, for
Appellant.

Robert E. Biasotti of Biasotti Law, St.
Petersburg, for Appellee HOA Rescue
Fund, LLC.

No appearance for remaining Appellees.

BLACK, Judge.

The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certifcateholders CWALT, Inc., Alternative Loan Trust 2006-18CB, Mortgage Pass-Through Certificates, Series 2006-18CB (the Bank), challenges the involuntary dismissal of its foreclosure action. We reverse and remand for further proceedings.

On June 23, 2009, the Bank filed its notice of lis pendens and foreclosure complaint, naming the mortgagors and the South Bay Lakes Homeowners Association as defendants. A default was entered against the mortgagors. In January 2012, while the Bank's foreclosure action was pending, HOA Rescue Fund, LLC, as Trustee under the 12122 Fox Bloom Avenue Trust dated 2/12/2012, purchased the property at the foreclosure sale resulting from South Bay Lakes Homeowners Association's lien foreclosure action. Importantly, South Bay Lakes' lien was recorded in December 2009, six months after the recordation of the Bank's lis pendens.

Subsequently, HOA Rescue moved to intervene in the Bank's foreclosure action. Over the Bank's objection, HOA Rescue's motion was granted. HOA Rescue then filed an answer and affirmative defenses, raising the Bank's lack of standing as a defense.

A nonjury trial was held in February 2017; only the Bank and HOA Rescue appeared. The Bank noted that HOA Rescue was a third-party purchaser and would therefore be "limited" in what it could object to during trial. The court was asked to take judicial notice of the court file, which it did. Additionally, prior to calling its only witness, the Bank sought to introduce into evidence the original note and mortgage at issue, as

- 2 -

well as the assignment of the mortgage, two certified limited powers of attorney, and certified copies of the pooling and servicing agreement (PSA) and mortgage loan schedule for the subject mortgage. Over objection, the court admitted all of the documents.[1] The note bears three indorsements: the first is from Greenpoint Mortgage Funding, Inc., the original lender, to Countrywide Bank, N.A; the second is from Countrywide Bank, N.A., to Countrywide Home Loans, Inc.; and the third is a blank indorsement from Countrywide Home Loans, Inc. The assignment of mortgage, dated July 15, 2009, assigns the note and mortgage from Countrywide Home Loans, Inc., to the Bank, as Trustee, and provides an effective date of May 4, 2009. The PSA was executed on May 1, 2006, with a closing date of May 30, 2006, by and between Countrywide Home Loans, Inc., and the Bank, as Trustee. The PSA identifies mortgage pass-through certificates series 2006-18CB to include the mortgage at issue.

Following the introduction into evidence of these documents, the Bank called one witness, a litigation foreclosure specialist for the loan servicer. The witness testified that the PSA identifies the loan in question by loan number, city, property location, purchase amount, and several other things which all "match." She also testified that the PSA "shows, on the title page, that this involves Countrywide Home Loans, which is one [i]ndorsement on the note and . . . speaks for itself," as to the timing of the indorsement.

After all evidence had been presented, HOA Rescue moved for an involuntary dismissal based on the Bank's failure to establish its standing at the

[1]HOA Rescue does not challenge the court's evidentiary rulings in a cross-appeal; therefore, we make no comment on those rulings. Cf. Miller v. Bank of N.Y. Mellon, 189 So. 3d 359, 361-62 (Fla. 4th DCA 2016).

inception of the action. The court granted the motion and dismissed the foreclosure action "without prejudice," stating that the Bank could "try again."

The Bank now seeks reversal of the dismissal, arguing both that HOA Rescue was improperly permitted to intervene in the action and participate in trial and that the Bank sufficiently established standing and a prima facie case for foreclosure.

As this court has previously held, while it is preferable for the trial court to enter a final judgment at the conclusion of a nonjury trial, an order granting a motion for involuntary dismissal in such instances is an appealable final order. See Ventures Tr. 2013-I-H-R v. Asset Acquisitions & Holdings Tr., 202 So. 3d 939, 940 n.1 (Fla. 2d DCA 2016). Our review is de novo. Id. at 942.

The law is clear that HOA Rescue should not have been permitted to intervene in the case. A purchaser of property that is the subject of a pending foreclosure action in which a lis pendens has previously been recorded is not entitled to intervene in that foreclosure action. Bonafide Props. v. Wells Fargo Bank, N.A., 198 So. 3d 694, 695 (Fla. 2d DCA 2016) (citing cases). Accordingly, HOA Rescue was improperly permitted to participate in and defend the foreclosure suit, and the court improperly granted its motion to dismiss. See Bank of Am., N.A. v. Mirabella Owners' Ass'n, 238 So. 3d 405, 407 (Fla. 1st DCA Jan. 29, 2018) (holding that because the purchaser pendente lite was not a proper party to the foreclosure action, "the trial court erred in granting its motions to dismiss the case").

Moreover, HOA Rescue purchased the property subject to a superior interest; its subordinate interest is limited, and notwithstanding the improper intervention, HOA Rescue should not have been permitted to participate as though it

"were a party to the note and mortgage."  See Wells Fargo Bank, N.A. v. Rutledge, 230 So. 3d 550, 552 (Fla. 2d DCA 2017); cf. Pealer v. Wilmington Tr. Nat'l Ass'n, 212 So. 3d 1137, 1139 (Fla. 2d DCA 2017) (Sleet, J., Concurring) (stating that indispensable third-party purchasers "may participate in the bank's foreclosure proceedings only to the extent that they plan to exercise their statutory right of redemption and prevent the forced sale of the property").  HOA Rescue, a purchaser pendente lite, "like any intervenor, 'must take the suit as [it] finds it.' "  Ventures Trust, 202 So. 3d at 943 (alteration in original) (quoting Coast Cities Coaches, Inc. v. Dade County, 178 So. 2d 703, 706 (Fla. 1965)); accord State Tr. Realty, LLC v. Deutsche Bank Nat'l Tr. Co. Ams., 207 So. 3d 923, 925 (Fla. 4th DCA 2016).  It could not contest the Bank's claims against the mortgagors and South Bay Lakes; nor could it "challenge [the] sufficiency of the pleadings or the propriety of the procedure."  See State Tr. Realty, 207 So. 3d at 925-26 (quoting Krouse v. Palmer, 179 So. 762, 763 (Fla. 1938)).

Accordingly, we reverse the order dismissing the foreclosure action and remand for further proceedings consistent with this opinion.

Reversed and remanded.


CRENSHAW and SLEET, JJ., Concur.